## STATE v. SIMPSON PETTIE.

*Assault and Battery—Husband and Wife—Punishment.*

Where it appeared that a husband beat his wife in great excess, without excuse or provocation, and to such a degree of cruelty as to indicate malice towards her, *it was held*, that a sentence of imprisonment for two years in the county jail on his conviction for the assault and battery, was not in violation of the constitution.

(*State* v. *Rhodes*, Phil., 453; *Miller's case*, 75 N. C., 73 ; *Driver's*, 78 N. C., 423, cited and approved.)

INDICTMENT for Assault and Battery tried at Spring Term, 1878, of BUNCOMBE Superior Court, before *Cloud, J.*

The defendant was indicted for an assault and battery upon his wife, and on conviction was adjudged to be imprisoned in the county jail for two years. On appeal to this court the position is taken that the punishment inflicted is cruel and unusual, and therefore violative of the constitution. The particulars as gathered from the case, were, that defendant after being absent from home in the morning, on his return in the afternoon, inquired of his wife if one Sluder had been at his house and left any tobacco for him, and on

being told he had not, he called his wife a liar and com-
menced to beat her with a stick larger than the middle
finger, and continued to beat her until her left arm, shoulder,
and back were covered with bruises; that the beating oc-
curred about four weeks before the trial, and she had been
and was still unable to use her left arm at all, and was
hardly able to be present in court. The wife said she had
not indicted her husband, that he had whipped her before,
and threatened to kill her if she caused him to be arrested.
The father and mother of the wife were at defendant's house
on the next day, and found her in bed and unable to raise
herself up without assistance; they cut off her dress and
found her left arm very much swollen, and her person cov-
ered with bruises; they then carried her to their house, and
she had been totally unable to do any work since the beat-
ing, and was brought to court with great trouble.

*Attorney General*, for the state.
*Mr. C. M. McLoud*, for the defendant.

DILLARD, J. (After stating the facts.) It is the settled
law of this state that the courts will not invade the domestic
forum or interfere with the right of a husband to control
and govern his family; and from motives of public policy,
even if a husband should chastise his wife, it is regarded as
best not to take any cognizance thereof, unless some per-
manent injury be inflicted, or there be an excess of violence,
or such a degree of cruelty as shows that the chastisement
was inflicted to gratify his own bad passion. *State* v. *Rhodes*,
Phil., 453. In this case there was no provocation whatever
so far as we can gather from the case of appeal. We are
therefore to take it that the battery of the wife was without
excuse, and unprovoked. And it is further aggravated by
the fact that it was inflicted in great excess and to such a
degree of cruelty as to indicate malice against her, and to

disable her very seriously and perhaps permanently. Upon the facts as above recited, the conduct of the defendant was brutal, and such as to call for exemplary punishment, adequate to correct him and to deter all others from offending in like manner. There being no specific punishment provided by statute for such an offence, it was the duty of the judge in the exercise of his legal discretion to fix upon the term of imprisonment suited to the case without restriction save that in the constitution which forbids " cruel or unusual punishments " to be inflicted.

His Honor pronounced judgment of imprisonment for two years in the county jail, and thereupon the question is made,—whether the punishment inflicted be or be not in violation of the constitution, Art. 1, § 14. It was intimated in *Miller's case*, 75 N. C., 73, and since then, decided in *Driver's case*, 78 N. C., 423, that an imprisonment for five years was excessive and in violation of the constitution for any misdemeanor at common law. In the latter case the court, in speaking of the limit to the power of the judge to punish, say—" what the precise limit is, cannot be prescribed. The constitution does not fix it, precedents do not fix it, and we cannot fix it, and it ought not to be fixed. It ought to be left to the judge, who inflicts it under the circumstances of each case, and it ought not to be interferred with except when the abuse is palpable." The case of the defendant is an unusual one in its features, and it called for a punishment unusual in its kind, and duration. He whipped his wife without provocation, excessively and cruelly, and inflicted most likely a permanent injury on her. He had whipped her before, and had put her under fear of death if she had him arrested. When such maltreatment appears and it is clearly evinced that the husband acts wantonly and for the gratification of malice,. it is difficult to say how long an imprisonment may be adjudged without violating the constitution. In respect to the

kind and quantum of the punishment, regard is always to be had to the circumstances as developed on the trial; and the judge presiding has the opportunity to know the case better than an appellate tribunal. Therefore it is to be assumed in this case that His Honor could understand and see the extent of the injuries inflicted and the motives operating on the defendant, and properly weigh any matter in mitigation, and thus be enabled to decide upon the propriety of the punishment to be suffered for the protection of the wife, and through it, for the protection and good order of society.

We will not undertake to fix upon the extent to which a judge in his discretion may go in inflicting punishment for an assault and battery. We simply decide that the judgment in this case was not unwarranted. There is no error. Let this be certified that the court below may proceed to execute the sentence of the law.

PER CURIAM.                              No error.