STATE v. BILL DANIELS.

(Filed 22 May, 1929.)

1. **Criminal Law H a—Where time to employ and consult counsel and subpoena witnesses is not demanded by defendant he waives right thereto.**

   Where a trial of the defendant for violating the prohibition law is had within thirty or forty minutes from the time of his arrest, in the regular course of procedure, and the defendant does not demand time to employ and consult counsel or subpœna witnesses he waives any right thereto, and a sentence in the action will be sustained in law.

2. **Criminal Law K d—Sentence prescribed by statute for violation of prohibition law is not cruel or unusual punishment.**

   A sentence prescribed by statute for the violation of the prohibition law is held not to be cruel or unusual within the meaning of Article I, section 14, of our Constitution.

APPEAL by defendant from *Schenck, J.,* at February Term, 1929, of MADISON. No error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Robert R. Reynolds and W. A. Sullivan for defendant.*

PER CURIAM. The defendant was indicted for a breach of the prohibition laws. The State's evidence tended to show that after the defendant's car had been overtaken and stopped by an officer three seats were removed and three cases of whiskey (21 gallons) were found under quilts, and that farther back under the seat were 2½ gallons of liquor in half-gallon fruit jars. The defendant was the driver of the car. Immediately after his arrest he was taken to the courthouse; an indictment was prepared and returned as "a true bill"; the case was then called in less than an hour after the arrest and the defendant pleaded guilty. He made no motion for a continuance or for time to employ and confer with counsel or for a subpœna for witnesses. Time to employ counsel or to get witnesses was not denied the defendant by the court, but was waived by the defendant when he entered his plea and admitted his guilt. In the absence of a motion for a reasonable continuance an exception to the short time intervening between the arrest and the arraignment does not constitute sufficient cause for a new trial.

The third assignment of error is that the sentence was excessive, but as it was authorized by the law it cannot be held to be "cruel or unusual" within the contemplation of Art. I, sec. 14, of the Constitution. *S. v. Manuel,* 20 N. C., 144; *S. v. Pettie,* 80 N. C., 367; *S. v. Farrington,* 141 N. C., 844; *S. v. Dowdy,* 145 N. C., 432.

No error.