STATE OF NORTH CAROLINA v. BERNARD J. LePARD.

(Filed 19 April, 1967.)

**Criminal Law § 131;   Constitutional Law § 36—**
    A sentence which does not exceed the maximum prescribed by the applicable statute cannot be considered cruel and unusual punishment in the constitutional sense. Constitution of North Carolina, Art. I, § 14.

CERTIORARI to review the judgment of *Bickett, J.,* at the March 1966 Criminal Session of WAKE.

By an indictment proper in form, Bernard J. LePard, Phillip Alvin Reese and Dante Ferrara were charged with the offense of robbery with firearms, the indictment charging that on 1 November 1965 they, being armed with certain pistols whereby the life of Woodrow Wilson Weatherman was endangered and threatened, robbed Weatherman of watches, other jewelry and money of the value of $7,844.74.

It does not appear upon the present record whether Ferrara has been brought to trial upon this charge. LePard and Reese were brought to trial and were represented by privately employed counsel. Each having announced in open court his readiness for trial, each through his counsel entered a plea of guilty to armed robbery as charged in the bill of indictment.

Witnesses for the State thereupon testified, the substance of their testimony being that LePard, Reese and Ferrara on 1 November 1965 entered the premises of Weatherman, trading as Weatherman's Jewelry, closed the doors, drew the window shades and, with the use of firearms, bound and gagged Weatherman and another occupant of the premises and removed therefrom various and sundry watches, other jewelry and money of the total value of $7,844.74. The defendants offered no evidence.

Thereupon, the court entered judgment that LePard be imprisoned in the State's Prison for a term of not less than 24 years nor more than 30 years at hard labor. A like judgment was entered as to Reese. LePard gave notice of appeal. The superior court entered its order permitting him to appeal *in forma pauperis* and appointed as his counsel on appeal the same attorneys who represented him as privately employed counsel at his trial. The appeal not having been perfected within the time allowed therefor, a petition for writ of *certiorari* was filed and allowed. The sole assignment of error is that the sentence imposed constitutes cruel and unusual punishment.

STATE *v.* WRIGHT.

*Attorney General Bruton and Assistant Attorney General Rich for the State.*

*W. L. Thompson and Earle R. Purser for defendant.*

PER CURIAM. The sentence imposed does not exceed the maximum sentence authorized by G.S. 14-87 for the offense of robbery with firearms. It is well established that a sentence which does not exceed the maximum prescribed by statute for the offense of which the defendant has been convicted or of which he has entered a plea of guilty does not constitute cruel and unusual punishment forbidden by Article I, § 14, of the Constitution of North Carolina. *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216; *State v. Downey,* 253 N.C. 348, 117 S.E. 2d 39; *State v. Lee,* 247 N.C. 230, 100 S.E. 2d 372; *State v. Smith,* 238 N.C. 82, 76 S.E. 2d 363; *State v. Daniels,* 197 N.C. 285, 148 S.E. 244. The record reveals no violation of any constitutional right of the defendant or any error in the judgment of which he complains or in the proceedings leading thereto.

No error.