STATE v. ROBERT LOVELACE.

(Filed 11 October, 1967.)

**Constitutional Law § 36—**

Punishment within the statutory maximum cannot be considered cruel or unusual in the constitutional sense. Constitution of North Carolina, Art. I, § 14.

APPEAL by defendant from *Brock, S.J.,* 8 May 1967 Special Criminal Session of CLEVELAND.

Two bills of indictment, Nos. 67-87 and 67-87A, were returned by the grand jury against the defendant. Both bills of indictment contained separate counts of felonious breaking and entering and felonious larceny of goods of the value of over $200.00.

Detective E. W. Howell of the Shelby Police Department testified that he investigated a break-in on January 12, 1967 at the Allen Refrigeration Company where five television sets valued at $879.75 were reported missing. One set was found near the back door. Howell further testified to investigating a breakin that occurred on the night of January 15, 1967 at Taylor Johnson, Inc., where an electric calculator valued at $880.00 and an electric typewriter valued at $445.00 were reported missing. Howell and Lt. Lee talked to defendant about the breakins. Defendant voluntarily told them how he entered the two buildings and removed the goods therefrom. He stated that he sold the television sets for $35.00 each and the cal-

STATE *v.* BATTLE.

culator and typewriter for $50.00 each. The calculator, typewriter and three television sets were recovered.

Defendant, through court-appointed counsel, tendered pleas of guilty as charged on all counts. The court conducted oral and written inquiry and found that the pleas were freely, understandingly and voluntarily made before the pleas were accepted by the court.

Defendant was sentenced to not less that eight nor more than ten years under each indictment.

Defendant appealed.

*Attorney General Bruton, Assistant Attorney General Melvin, and Staff Attorney Costen for the State.*
*Henry B. Edwards for defendant.*

PER CURIAM. Defendant's sole assignment of error was that the sentences imposed by the court were excessive. He argues in his brief that they constituted cruel and unusual punishment, in violation of Article I, § 14, of the North Carolina Constitution.

> "It is well established that a sentence which does not exceed the maximum prescribed by statute for the offense of which the defendant has been convicted or of which he has entered a plea of guilty does not constitute cruel and unusual punishment forbidden by Article I, § 14, of the Constitution of North Carolina. *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216; *State v. Downey,* 253 N.C. 348, 117 S.E. 2d 39; *State v. Lee,* 247 N.C. 230, 100 S.E. 2d 372; *State v. Smith,* 238 N.C. 82, 76 S.E. 2d 363; *State v. Daniels,* 197 N.C. 285, 148 S.E. 244. The record reveals no violation of any constitutional right of the defendant or any error in the judgment of which he complains or in the proceedings leading thereto." *State v. LePard,* 270 N.C. 157, 153 S.E. 2d 875.

The court could have sentenced defendant to imprisonment for forty years. The sentences are well within the statutory limit and no error appears on the face of the record.

No error.