STATE OF NORTH CAROLINA v. RALPH ODELL WRIGHT.

(Filed 13 December, 1967.)

1. **Constitutional Law § 36; Criminal Law § 138—**

The fact that the trial court recommended that defendant be allowed to serve under the Work Release Program in a sentence imposed in one case but that it failed to make such recommendation in a sentence of imprisonment imposed the same day in another case, the two sentences to run consecutively, does not constitute cruel and unusual punishment, since G.S. 148-33.1 authorizes but does not require the court to recommend that the prisoner be granted the privilege of the Work Release Program in each case.

2. **Same—**

A defendant may not contend that consecutive sentences entered by the court in two separate cases constitute cruel and unusual punishment when the sentences are within the limits of the applicable statute, since the court has authority to provide that such sentences run consecutively.

APPEALS by defendant from *Clark, S.J.,* (erroneously shown in the record as Shaw, J.) at the 1 May 1967 Criminal Session of GUILFORD, High Point Division.

Two entirely separate cases were commingled by the appellant for the purposes of this review. There are two assignments of error. The first relates to one case, the second to the other.

In the first case (Superior Court Docket 3984), Wright was charged in an indictment, proper in form, with the felonious breaking and entering of a building occupied by Masland Duraleather Company in High Point on 24 October 1966, and, in a second count of the same indictment, with the larceny from the said building of 220 rolls of plastic upholstery material belonging to the company. At the 13 March 1967 Session, he entered a plea of not guilty and the trial of the case was begun, Armstrong, J., presiding. In the course of the trial, through his court appointed counsel, he withdrew the plea of not guilty and entered a plea of guilty to "receiving stolen goods valued at less than Two Hundred Dollars ($200), a misdemeanor, as upon a true bill found," he having waived the finding and return by the grand jury of a bill of indictment charging that offense and consenting to the hearing and disposition of the matter upon an information. The information, which was read and explained to him, charged him with feloniously receiving 220 rolls of plastic upholstery material of the value of $11,100 belonging to the said company, he knowing at the time that they had been feloniously stolen. Before permitting the defendant to enter such plea and the solicitor to accept it, the presiding judge questioned the defendant at length concerning his understanding of the charge and his desire to so plead. By consent of the defendant, prayer for judgment was continued to the 10 April Criminal Session. Judgment in this case was actually pronounced on 4 May 1967, at which session of the superior court, Clark, S.J., presided. The record discloses no reason for this delay in the entry of the judgment. The defendant did not object thereto and does not now do so. Judgment was entered that the defendant be confined in the common jail of Guilford County for 18 months, to be assigned to work under the supervision of the State Prison Department.

In the second case (Superior Court Docket 4600), Wright was charged in an indictment, proper in form, with felonious breaking or entering a building occupied by named partners trading as West Fairfield Superette, in High Point, on 6 March 1967, with the larceny, after so breaking and entering, of property of the partners of the value of $234.47 and with receiving such property knowing it to have been stolen. This case came on for trial before Clark, S.J., on 4 May 1967 at the same time the case above mentioned was before the court for judgment, Wright being represented in both matters by the same court appointed counsel. In this case, he tendered a plea of guilty to misdemeanor breaking and entering and larceny,

which pleas were accepted, the count charging receiving being abandoned. Thereupon, the counts charging breaking or entering and larceny in this case (Superior Court Docket 4600) were consolidated for judgment, and judgment was entered that the defendant be confined in the common jail at Guilford County for two years, to be assigned to work under the supervision of the State Prison Department, this sentence to run consecutively with the sentence imposed in the first case (Superior Court Docket 3984).

Thereupon, after the imposition of the sentences in the two cases, but on the same day, the court made the following entry in the second case (Superior Court Docket 4600), no such entry being made in the first case (Superior Court Docket 3984):

> "The defendant appeared back in open court and asked that he be allowed to serve his sentences under the Work Release Plan. The court questioned this defendant at length about his willingness to enter such plea as has heretofore been recorded, and defendant stated in open court that he was satisfied with the treatment he had received from his court appointed counsel, as well as the sentences imposed, and that he understood, and still wished his plea recorded. The court recommends that the defendant be given the option of serving the sentence herein imposed under the Work Release Plan, *in this case.*" (Emphasis added.)

Thereafter, on 12 May 1967, the defendant notified the clerk of the superior court that he desired to appeal in both cases. Shaw, J., then presiding, thereupon found that the notice of appeal was given in due time and allowed the same, appointing new counsel to represent the defendant upon the appeal.

*Attorney General Bruton and Assistant Attorney General Rich for the State.*

*Haworth, Riggs, Kuhn & Haworth for defendant appellant.*

PER CURIAM. The defendant assigns as error the failure of the court in the first case (Superior Court Docket 3984) to recommend that the defendant be given the option of serving the sentence in that case under the Work Release Plan, contending that this constitutes cruel and unusual punishment. This assignment is without merit. G.S. 148-33.1 authorizes but does not require the presiding judge of the sentencing court to recommend that the prisoner be granted the privilege of the Work Release Program in such case. It appears from the record that the presiding judge, having imposed sentences in the two separate cases and having provided that the

sentence in the second case should commence upon the expiration of the sentence in the first case, saw fit to recommend that the defendant be given the privileges of the Work Release Program in the second case only; that is, after he had completed the service of the sentence imposed in the first case. This was within the discretion of the trial judge.

The remaining assignment of error is that in the second case (Superior Court Docket 4600) the sentence was imposed to commence at the expiration of the sentence imposed in the first case (Superior Court Docket 3984), the defendant contending that this constitutes cruel and unusual punishment. The sentence of two years in jail cannot be deemed cruel and unusual *per se*. Obviously, it is not unlawful to provide that a sentence imposed for a criminal offense shall begin to run at the expiration of a sentence previously imposed in another case for a different criminal offense. *State v. Dawson*, 268 N.C. 603, 151 S.E. 2d 203.

No error.