STATE v. GEORGE VOLNEY McCALL, JR.

(Filed 28 February, 1968.)

**1. Escape § 1;   Constitutional Law § 36—**
Sentence of six months imprisonment imposed upon defendant's plea of guilty to a charge of felonious escape is not cruel and unusual in the constitutional sense, the sentence not exceeding the statutory maximum.

**2. Escape § 1;   Criminal Law § 138—**
The court will not review defendant's loss of rewards and privileges for good conduct upon his conviction of felonious escape, since the Prison Commission has been given authority to promulgate and apply rules in this regard and the matter being administrative and not judicial. G.S. 148-13.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Anglin, J.,* July 1967 Regular Criminal Session of HAYWOOD. This case was docketed and argued at the Fall Term 1967 as No. 13.

Defendant was serving a two-year prison sentence imposed at February 1965 Session of Superior Court of Transylvania County upon conviction of felonious assault. On or about June 1966 he escaped from the custody of the North Carolina State prison system and was apprehended 22 March 1967.

G.S. 148-13 authorizes the State prison system to grant certain privileges and rewards as an inducement to good conduct, including

the allowance of time for good behavior. At the time of his escape, defendant had earned approximately six months "good time", so that with this credit he had only about 28 days left to serve on the two-year sentence.

Bill of indictment was returned against defendant charging him with felonious escape, to which he entered a plea of guilty. The trial judge entered judgment that defendant be confined in the common jail of Haywood County for a period of six months, to be assigned to work under the State Prison Department.

Defendant appealed.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Millar & Alley for defendant.*

PER CURIAM. Defendant contends that the sentence imposed constitutes cruel and unusual punishment within the prohibitions of Article I, Section 14 of the Constitution of North Carolina.

The sentence imposed does not exceed the maximum prescribed by the applicable statute, so as to violate defendant's constitutional rights. *State v. LePard*, 270 N.C. 157, 153 S.E. 2d 875; G.S. 148-45. Neither does the additional loss of the "good time" support defendant's contention.

"... The prison rules and regulations respecting rewards and privileges for good conduct ("good time") are strictly administrative and not judicial. G.S. 148-13. The legislature has authorized the State Prison Commission to promulgate, publish, enforce and apply such rules. G.S. 148-11. Whether a prisoner shall benefit thereby depends on his own conduct. The giving or withholding of the rewards and privileges under these rules is not a matter with which the courts are authorized to deal." *State v. Garris*, 265 N.C. 711, 144 S.E. 2d 901.

Affirmed.

HUSKINS, J., took no part in the consideration or decision of this case.