STATE OF NORTH CAROLINA v. ROGER DALE CHAPMAN.

(Filed 10 July 1968.)

**1. Constitutional Law § 36—**

A sentence within the statutory limits is not excessive, nor is it cruel and unusual punishment in the constitutional sense.

**2. Criminal Law § 146;   Constitutional Law § 4—**

Before the Court of Appeals passes upon constitutional questions, they should first be raised and passed upon by the trial court.

APPEAL by defendant from *Snepp, J.,* 25 March 1968 Session of GASTON Superior Court.

By a bill of indictment, proper in form, defendant was charged with feloniously breaking and entering the Carr Elementary School Building in the town of Dallas, N. C., on 6 December 1967, with the intent to commit the felony of larceny therein. By warrant issued from the Municipal Court of the city of Gastonia, he was charged with escape from the custody of a police officer on 12 December 1967.

Defendant, with his attorney, appeared before Judge Snepp and, with the consent of the solicitor, pled guilty to non-felonious breaking and entering and escape. On the breaking and entering charge, defendant was given an active prison sentence of two years; on the escape charge, he was given an active prison sentence of two years, this sentence to commence at the expiration of the sentence imposed in the breaking and entering charge.

From the judgments imposing said sentences, defendant appealed.

*T. Wade Bruton, Attorney General, by Ralph Moody, Deputy Attorney General, for the State.*

*Robert H. Forbes, Attorney for defendant appellant.*

BRITT, J.  Defendant's sole assignment of error is that the court erred in imposing an active sentence of two years in the breaking and entering case and an additional two years active sentence in the escape case. He contends that said sentences amount to cruel, unusual, and excessive punishment.

The assignment of error is without merit and is overruled. For many years, it has been held in this jurisdiction that a sentence within the statutory limits is not excessive nor is it cruel and unusual punishment. *State v. Parrish,* 273 N.C. 477, 160 S.E. 2d 153; *State v. Bethea,* 272 N.C. 521, 158 S.E. 2d 591; *State v. Faison,* 272 N.C. 146, 157 S.E. 2d 664. See also *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216.

The record fails to show that defendant at any time in the trial court raised any constitutional question, either state or federal, relative to the sentences imposed. Before this Court passes on constitutional questions, they should be raised and passed upon first by the trial court. *State v. Jelly, et al.,* 251 N.C. 177, 111 S.E. 2d 1.

The sentences imposed by Judge Snepp were within the statutory limits and did not violate any provision of the Federal or State Constitutions.

The judgments of the Superior Court are
Affirmed.

CAMPBELL and MORRIS, JJ., concur.