STATE *v.* JONES

---

STATE OF NORTH CAROLINA v. JOHN L. JONES
No. 6825SC262

(Filed 13 November 1968)

1. **Escape § 1;  Constitutional Law § 36— sentence for felony escape**
   Sentence of nine months imposed upon defendant's conviction of an escape committed while serving a felony is within the limits provided by G.S. 148-45(a) and cannot be considered cruel and unusual punishment.

2. **Escape § 1;  Criminal Law § 138— consideration of past criminal record in passing sentence**
   Upon defendant's plea of guilty to a felony escape, the trial court properly considered defendant's past criminal record in passing judgment on him.

APPEAL by defendant from *Falls, J.,* 9 April 1968 Criminal Session of CATAWBA Superior Court.

In a bill of indictment proper in form, defendant was charged with feloniously escaping from North Carolina Prison Unit No. 085, in Catawba County, where he was lawfully confined and serving a sentence for the crime of breaking, entering and larceny.

Before the case was called for trial, defendant was advised of his right to be represented by legal counsel but, in writing, he waived the right and expressed his desire to appear in his own behalf.

When the case was called for trial, defendant pled guilty to the charge contained in the bill of indictment. He was sentenced to prison for nine months, sentence to commence at the expiration of sentences then being served. After being sentenced and within the time allowed by law, defendant gave notice of his desire to appeal to the Court of Appeals. Upon a finding of indigency, counsel was appointed to perfect his appeal.

*Attorney General T. Wade Bruton and Deputy Attorney General James F. Bullock for the State.*

*Charles W. Gordon, Jr., for defendant appellant.*

---

---

BRITT, J.

**[1]**  G.S. 148-45(a) provides that any prisoner serving a sentence imposed pursuant to conviction of a felony who escapes from the State's prison system shall, for the first offense, be guilty of a felony and upon conviction shall be imprisoned not less than six months nor more than two years. The sentence of nine months imposed in this case is within the statutory limits and cannot be considered cruel and unusual punishment. *State v. Caldwell*, 269 N.C. 521, 153 S.E. 2d 34.

**[2]**  Defendant contends that the trial judge considered defendant's past record in passing judgment on him and that this was improper. The contention is without merit. In *State v. Cooper*, 238 N.C. 241, 77 S.E. 2d 695, Ervin, J., speaking for the court, it is said: "In making a determination of this nature after a plea of guilty or *nolo contendere,* a court is not confined to evidence relating to the offense charged. It may look anywhere, within reasonable limits, for other facts calculated to enable it to act wisely in fixing punishment. Hence, it may inquire into such matters as the age, the character, the education, the environment, the habits, the mentality, the propensities, and the record of the person about to be sentenced. * * *"

We have carefully reviewed the record and briefs in this case and find

No error.

BROCK and PARKER, JJ., concur.