STATE *v.* BRADLEY DEAN MITCHELL AND JERRY DALE FRANKLIN
No. 6830SC288

(Filed 13 November 1968)

**Constitutional Law § 36—   cruel and unusual punishment**
    Punishment within the maximum fixed by statute cannot be considered cruel and unusual in the constitutional sense.

APPEAL by defendants from *Bryson, J.,* January 1968 Session, HAYWOOD County Superior Court.

The defendants were duly charged in separate bills of indictment.

with the felonious breaking and entering of the Waynesville Junior High School Building on 25 November 1967 and with the felonious larceny of goods and chattels therefrom. They were further charged with feloniously breaking into other buildings and with the felonious larceny of goods and chattels therefrom. Charges of malicious destruction of personal property located in the Bethel School and Bethel Cafeteria in Haywood County were also lodged against these defendants.

Pleas of guilty to all of the offenses were freely, voluntarily and understandingly entered by the defendants, who were represented by counsel.

From active sentences of not less than five nor more than seven years on all of the charges, each defendant appealed to the Court of Appeals.

*T. W. Bruton, Attorney General, and Millard R. Rich, Jr., Assistant Attorney General, for the State.*

*J. Charles McDarris, Attorney for defendant appellants.*

CAMPBELL, J.

The defendants assign as error the imposition of five to seven years active sentences, contending that this constitutes cruel, unusual and unjust punishment in view of the age of the defendants, their past criminal records and the nature of the criminal acts. This is contained in the brief but not shown by the record. There is no merit in this assignment of error.

> "We have held in case after case that when the punishment does not exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense." *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330. *Mathis v. State of North Carolina,* 266 F. Supp. 841 (M.D.N.C. 1967).

No error.

MALLARD, C.J. and MORRIS, J., concur.