STATE OF NORTH CAROLINA v. DAVID HUBERT KELLY

No. 6827SC273

(Filed 13 November 1968)

**Constitutional Law § 36; Burglary and Unlawful Breakings § 8—cruel and unusual punishment**

Sentence of seven to ten years imposed upon defendant's plea of guilty of felonious breaking and entering is within the statutory maximum and does not constitute cruel and unusual punishment.

APPEAL by defendant from *Snepp, J.*, 1 May 1968 Session CLEVELAND Superior Court.

Defendant was charged in a valid bill of indictment with felonious breaking and entering and larceny. He entered a plea of guilty to the charge of felonious breaking and entering, and the court found that the plea was freely, understandingly and voluntarily made without undue influence, compulsion or duress, and without promise of leniency. The State took a *nol pros* with leave in the larceny charge. The judgment of the court is that defendant "be confined in the State Prison under the jurisdiction of the Department of Correction for not less than seven (7) years nor more than ten (10) years." From said judgment, defendant, an indigent, through his court-appointed counsel, appeals to the Court of Appeals.

*Ernest A. Gardner, for defendant appellant.*

*Attorney General T. W. Bruton by Deputy Attorney General James F. Bullock for the State.*

MORRIS, J.

Defendant makes only one assignment of error: That the sentence imposed is too severe. He contends that he should not have been sentenced to more than three to five years. This Court and the Supreme Court of North Carolina have held repeatedly that a sentence within the statutory limits is not excessive, nor does it constitute cruel and unusual punishment. *State v. Burgess,* 1 N.C. App. 142, 160 S.E. 2d 105; *State v. Chapman,* 1 N.C. App. 622, 162 S.E. 2d 142; *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216; *State v. Parrish,* 273 N.C. 477, 160 S.E. 2d 153.

The sentence imposed does not exceed the maximum provided by G.S. 14-54.

Affirmed.

MALLARD, C.J., and CAMPBELL, J., concur.