STATE OF NORTH CAROLINA v. JOHN CHARLES McKINNEY
No. 6918SC103

(Filed 26 February 1969)

**1. Constitutional Law § 36—    cruel and unusual punishment**
    Punishment within the statutory maximum cannot be considered cruel and unusual in the constitutional sense.

**2. Criminal Law § 138—    determination of sentence**
    On appeal from sentence of imprisonment imposed upon defendant's pleas of guilty to common law robbery and forgery, there is no merit in defendant's contention that the sentence was rendered unconstitutional because trial judge considered matters other than the actual robberies and forgery in determining the amount of punishment.

APPEAL by defendant from *Gwyn, J.,* 13 September 1968, Criminal Session of GUILFORD Superior Court (Greensboro Division).

Defendant was charged in two valid bills of indictment with common law robbery of Charles Sluder on 18 August 1968 and Ralph Lee Faulk on 18 August 1968. In another bill of indictment defendant was charged with the felony of forgery on 15 August 1968. To a charge of kidnapping and two other charges of forgery, the State entered a *nolle prosequi* with leave.

The defendant was twenty-two years old and a high school graduate. He knowingly, understandingly, voluntarily and of his own free will and accord entered a plea of guilty to each of the charges knowing that the trial court could impose a sentence of ten years in each case.

From a sentence of ten years on the first robbery charge, five years on the second robbery charge, which was to run consecutively, and an eight year suspended sentence on the forgery charge, the defendant appealed to the Court of Appeals.

It is the defendant's contention that the trial court abused its

discretion in the sentence imposed so as to constitute cruel or unusual punishment in violation of Article 1, Section 14, of the Constitution of North Carolina.

*Attorney General Robert Morgan and Deputy Attorney General James F. Bullock for State.*

*Benjamin S. Marks, Jr., for defendant appellant.*

CAMPBELL, J.

[1]    In his brief the defendant frankly admits that the sentence imposed is within the statutory limit as prescribed by law. " 'We have held in case after case that when the punishment does not exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense.' *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330. *Mathis v. State of North Carolina,* 266 F. Supp. 841 (M.D.N.C. 1967)." *State v. Mitchell,* 3 N.C. App. 70, 164 S.E. 2d 62.

[2]    Nevertheless, it is argued that the sentence was rendered unconstitutional because the trial judge was motivated by matters other than the actual robberies and forgery.

> "It is the accepted rule with us that within the limits of the sentence permitted by the law, the character and extent of the punishment is committed to the sound discretion of the trial court, and may be reviewed by this Court only in case of manifest and gross abuse." *State v. Sudderth,* 184 N.C. 753, 114 S.E. 828.

> "In making a determination of (what punishment should be imposed) after a plea of guilty or *nolo contender,* a court is not confined to evidence relating to the offense charged. It may look anywhere, within reasonable limits, for other facts calculated to enable it to act wisely in fixing punishment. Hence, it may inquire into such matters as the age, the character, the education, the environment, the habits, the mentality, the propensities, and the record of the person about to be sentenced. In so doing the court is not bound by the rules of evidence which obtain in a trial where guilt or innocence is put in issue by a plea of not guilty." (citations omitted) *State v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695.

The able and conscientious trial judge in the instant case exhibited charitableness, understanding, and considerable leniency in

view of the facts disclosed by the record, and certainly there was no abuse of discretion in the sentence imposed.

Affirmed.

BROCK and MORRIS, JJ., concur.