STATE OF NORTH CAROLINA v. CHARLES J. KOTOFSKY
No. 6912SC140

(Filed 2 April 1969)

**Constitutional Law § 36; Kidnapping § 2; Robbery § 6— sentence for armed robbery and kidnapping**

Sentence of not less than 12 nor more than 15 years imposed upon defendant's pleas of guilty of armed robbery and kidnapping is within the statutory limits and cannot be considered cruel and unusual punishment.

APPEAL by defendant from *Canaday, J.,* at the 14 October 1968 Criminal Session of CUMBERLAND Superior Court.

The defendant was charged with armed robbery and kidnapping in a bill of indictment returned by a Cumberland County grand jury. Upon proper finding that defendant was indigent, the court appointed an attorney to represent him.

Upon acceptance of the plea of guilty and the hearing of pertinent testimony, the court consolidated the counts for purpose of judgment and imposed an active prison sentence of not less than 12 nor more than 15 years. Defendant appealed.

*Attorney General Robert Morgan and Staff Attorney Carlos W. Murray, Jr., for the State.*

*Carter & Faircloth by Cyrus J. Faircloth for defendant appellant.*

BRITT, J.

Following the trial in superior court, defendant's present counsel was appointed to represent him in this court. In his brief, he brings forward three assignments of error.

After judgment was imposed in superior court defendant's counsel moved that the judgment be arrested, contending that the bill of indictment, containing two counts against defendant, was defective. In his brief, counsel reviews the statutes and Supreme Court

decisions relating to armed robbery and kidnapping and then concludes that after a careful study of the law he can find no authority to support his assignments of error pertaining to the bill of indictment.

In his third assignment of error, defendant's counsel contends that the sentence imposed by the trial judge was excessive and violated the constitutional provisions against cruel and unusual punishment. In *State v. Kelly,* 3 N.C. App. 72, 164 S.E. 2d 22, in an opinion by Morris, J., this court held:

> "* * * This Court and the Supreme Court of North Carolina have held repeatedly that a sentence within the statutory limits is not excessive, nor does it constitute cruel and unusual punishment. *State v. Burgess,* 1 N.C. App. 142, 160 S.E. 2d 105; *State v. Chapman,* 1 N.C. App. 622, 162 S.E. 2d 142; *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216; *State v. Parrish,* 273 N.C. 477, 160 S.E. 2d 153."

The sentence imposed by the trial court was well within the maximum permitted by the statutes.

Each of the assignments of error is overruled and the judgment of the superior court is

Affirmed.

MALLARD, C.J., and PARKER, J., concur.