STATE v. JERRY OSCAR PERRYMAN

No. 6922SC196

(Filed 28 May 1969)

1. **Burglary and Unlawful Breakings § 8—  felonious breaking and entering — punishment**

    The maximum punishment for the felony of breaking and entering is ten years' imprisonment. G.S. 14-54.

2. **Constitutional Law § 36—  cruel and unusual punishment**

    Punishment within the statutory maximum is not cruel and unusual in the constitutional sense.

APPEAL by defendant from *Seay, J.,* December 1968 Session, IREDELL County Superior Court.

Jerry Oscar Perryman (defendant) was charged in a proper bill of indictment with the felony of breaking and entering a building occupied by Niemand Industries, a corporation in Iredell County, a violation of G.S. 14-54.

Defendant, an indigent, was represented by court-appointed counsel. After the defendant was questioned extensively by the trial judge as to his understanding of the nature of the offense, his opportunity to confer with counsel and his knowledge of the offense charged and the punishment therefor under the statute, the defendant's plea of guilty as charged was entered in open court. After making this inquiry of the defendant in open court, the trial judge found as a fact that the defendant's plea was freely, understandingly and voluntarily

made, and that the plea was made without undue influence, compulsion or duress and without promise of leniency.

From the imposition of a prison sentence of not less than five years nor more than eight years, the defendant appealed to this Court. Counsel was appointed by the trial court to represent the defendant on the appeal. The county was ordered to defray all of the expenses incurred in connection with the appeal.

*Attorney General Robert Morgan and Deputy Attorney General Harry W. McGalliard for the State.*

*W. H. McMillan for defendant appellant.*

CAMPBELL, J.

Counsel for the defendant concedes that he has found no error in the proceedings in the trial court. He nevertheless desires this Court to review the record and the sentence.

[1] We have carefully examined the record and find no prejudicial error therein. The maximum punishment for the felony of breaking and entering is ten years' imprisonment. G.S. 14-54. The sentence imposed in this case does not exceed the statutory maximum.

[2] It has been held time after time that "(w)hen punishment does not exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense." *State v. Davis*, 267 N.C. 126, 147 S.E. 2d 570. *State v. Reed*, 4 N.C. App. 109, 165 S.E. 2d 674.

In the trial, we find

No error.

MALLARD, C.J., and MORRIS, J., concur.