## STATE OF NORTH CAROLINA v. CHARLIE WADE POWELL
### No. 6921SC416

(Filed 27 August 1969)

**1. Constitutional Law § 36— cruel and unusual punishment**

Punishment not exceeding the statutory limit cannot be considered cruel and unusual in the constitutional sense.

**2. Robbery § 6— attempted armed robbery — sentence — cruel and unusual punishment**

A judgment of confinement for not less than fifteen nor more than twenty-five years upon conviction of attempted armed robbery is within the statutory maximum and cannot be considered cruel and unusual in the constitutional sense. G.S. 14-87.

**3. Criminal Law § 138— determination of punishment — role of trial judge**

Trial judge is in the best position to determine appropriate punishment for the protection of society and rehabilitation of defendant, and of necessity the judge must be allowed to exercise wide discretion within the statutory limits.

**4. Criminal Law § 106— sufficiency of evidence to overrule nonsuit**

If there is any evidence tending to prove the fact of guilt or which reasonably conduces to this conclusion as a fairly logical and legitimate deduction, and not such as merely raises a suspicion or conjecture of guilt, it is for the jury to say whether they are convinced beyond a reasonable doubt of the fact of guilt.

**5. Robbery § 4— attempted armed robbery — overt act — sufficiency of evidence**

In prosecution for attempted armed robbery, there was sufficient evidence of an overt act by defendant to justify submission of the case to the jury, where State's evidence tended to show that defendant, who had disguised himself by use of a woman's wig, lipstick and pocketbook and by wearing gloves and dark glasses, went into an ABC store three to four minutes before closing time and delayed his purchase by ordering three bottles of whiskey one at a time, that defendant had no money on him, and that, when told the amount of the purchases, defendant pulled a .38 caliber pistol out of the pocketbook and was only prevented from pointing the pistol at the store employee by the latter's action in pinning defendant's wrist against the counter.

**6. Criminal Law § 116— instructions — right of defendants not to testify**

The trial judge in his discretion may instruct the jury upon the right of defendant not to testify and as to how his failure to testify is to be considered, but, absent a proper request from defendant, he is not required to do so.

**7. Criminal Law § 118— instructions — contentions of defendant — fundamental misconstruction by judge**

In stating defendant's contentions in a prosecution for attempted armed

STATE *v.* POWELL

robbery, a statement by the trial judge that defendant "admits he's guilty of carrying a concealed weapon, guilty perhaps of an assault" *is held* a fundamental misconstruction of defendant's contentions, where defendant offered no evidence nor did he judicially admit or stipulate that he was guilty of anything.

**8. Robbery § 1— robbery ex vi termini — element of assault**

The crime of robbery *ex vi termini* includes an assault on the person.

**9. Criminal Law § 114— instructions — erroneous assumption as to facts proven**

The assumption by the court that any fact controverted by a plea of not guilty has been established is prejudicial error.

**10. Criminal Law § 114— instructions — inadvertent expression of opinion**

The fact that the expression of opinion in the charge was unintentional or inadvertent does not make it less prejudicial.

**11. Criminal Law §§ 114, 163— instructions — expression of opinion — review on appeal**

Where the court expresses an opinion upon the evidence while stating the contentions, defendant is not required to bring it to the attention of the trial judge before verdict but the question can be considered for the first time on appeal upon exception duly noted.

APPEAL by defendant from *Burgwyn, J.,* 5 May 1969 Session, FORSYTH Superior Court.

Defendant was charged in a bill of indictment with the felony of attempted robbery with firearms. Upon his plea of not guilty he was tried by a jury.

The State's evidence tended to show that about three to four minutes before nine o'clock in the evening of 4 January 1969, defendant entered the Winston-Salem A.B.C. Store No. 5, on the Old Lexington Road. The assistant manager, Mr. Foil, and two employees, Messrs. Simo and Sapp, were on duty in the store, and four customers were preparing to leave. Closing time for the store was nine o'clock and Mr. Foil was going to the front door preparatory to locking the premises for the night. Messrs. Simo and Sapp were behind the counter.

When defendant entered the store he was wearing a woman's wig and lipstick, a black jacket, black leather gloves, dark glasses, and was carrying a woman's black leather pocketbook. Defendant first went to the price list posted on one side of the store and then crossed over to the price list posted on the other side of the store. Two of the former customers had left the premises by this time but

the other two former customers were standing at the front entrance engaged in conversation with Mr. Foil. Defendant kept glancing back at these two customers and Mr. Foil.

Defendant then went to the counter and ordered a fifth of whiskey from Mr. Simo. This was rung up and the ticket pasted to the bottle. During this time defendant was looking back at Mr. Foil at the entrance door. Mr. Simo asked defendant if he wanted anything else and he (defendant) looked back towards the entrance and then ordered a pint of whiskey, looked back towards the entrance again and then ordered another pint. Mr. Simo totaled the cost of the three bottles and advised defendant of the total. Defendant took off the leather gloves, placed the woman's pocketbook on the counter, opened it, and pulled a .38 caliber automatic pistol out of the pocketbook. Mr. Simo grabbed defendant's wrist and held it and the pistol down on the counter while Mr. Sapp pointed another pistol at defendant and Mr. Foil called the police. Defendant had no money in the woman's pocketbook nor upon his person. The .38 caliber pistol had one bullet in the chamber and the clip was full.

Defendant offered no evidence.

From a verdict of guilty as charged and from judgment of confinement for a period of not less than fifteen nor more than twenty-five years, defendant appealed.

*Robert Morgan, Attorney General, by Richard N. League, Staff Attorney, for the State.*

*H. Glenn Davis for defendant.*

BROCK, J.

[1, 2]    Defendant assigns as error that the judgment of the court imposed cruel and ununsual punishment upon defendant. G.S. 14-87, under which defendant was charged and convicted, provides for a sentence of up to thirty years. The sentence imposed upon defendant is well within this limit. Since the year 1838 the Supreme Court of North Carolina has held in an unbroken line of decisions that punishment not exceeding the statutory limit cannot be considered cruel and unusual in the constitutional sense. *State v. Manuel,* 20 N.C. 144; *State v. Pettie,* 80 N.C. 367; *State v. Farrington,* 141 N.C. 844, 53 S.E. 954; *State v. Dowdy,* 145 N.C. 432, 58 S.E. 1002; *State v. Daniels,* 197 N.C. 285, 148 S.E. 244; *State v. Smith,* 238 N.C. 82, 76 S.E. 2d 363; *State v. Lee,* 247 N.C. 230, 100 S.E. 2d 372; *State v. Downey,* 253 N.C. 348, 117 S.E. 2d 39; *State v. Bruce,* 268 N.C. 174,

150 S.E. 2d 216; *State v. LePard,* 270 N.C. 157, 153 S.E. 2d 875; *State v. Robinson,* 271 N.C. 448, 156 S.E. 2d 854; *State v. Lovelace,* 271 N.C. 593, 157 S.E. 2d 81; *State v. Yoes,* 271 N.C. 616, 157 S.E. 2d 386; *State v. Foster,* 271 N.C. 727, 157 S.E. 2d 542; *State v. Pardon,* 272 N.C. 72, 157 S.E. 2d 698; *State v. Wright,* 272 N.C. 264, 158 S.E. 2d 50; *State v. Bethea,* 272 N.C. 521, 158 S.E. 2d 591; *State v. McCall,* 273 N.C. 135, 159 S.E. 2d 316; *State v. Weston,* 273 N.C. 275, 159 S.E. 2d 883.

**[3]**   Also, since this Court entered into its first session it has invariably adhered to the same principle. *State v. Burgess,* 1 N.C. App. 142, 160 S.E. 2d 105; *State v. Chapman,* 1 N.C. App. 622, 162 S.E. 2d 142; *State v. Abernathy,* 1 N.C. App. 625, 162 S.E. 2d 114; *State v. Morris,* 2 N.C. App. 611, 163 S.E. 2d 539; *State v. Mosteller,* 3 N.C. App. 67, 164 S.E. 2d 27; *State v. Jones,* 3 N.C. App. 69, 163 S.E. 2d 910; *State v. Mitchell,* 3 N.C. App. 70, 164 S.E. 2d 62; *State v. Kelly,* 3 N.C. App. 72, 164 S.E. 2d 22; *State v. McKinney,* 4 N.C. App. 107, 165 S.E. 2d 689; *State v. Reed,* 4 N.C. App. 109, 165 S.E. 2d 674; *State v. Stewart,* 4 N.C. App. 249, 166 S.E. 2d 458; *State v. Kotofsky,* 4 N.C. App. 302, 166 S.E. 2d 484; *State v. Cleaves,* 4 N.C. App. 506, 166 S.E. 2d 861; *State v. Perryman,* 4 N.C. App. 684, 167 S.E. 2d 517. The reasons for this principle are clear and sound. The trial judge is in position to observe the conduct and attitude of the defendant; he can observe defendant's prior record; he can cause investigations into defendant's past and present circumstances. In these and other ways the trial judge is in the best position to determine appropriate punishment for the protection of society and rehabilitation of the defendant. Of necessity the trial judge must be allowed to exercise wide discretion within the statutory limits. To this principle of law we apply the rule of *stare decisis et non quieta movere.* This assignment of error is overruled.

**[4, 5]**   Defendant next assigns as error that the trial judge overruled his motions for nonsuit. Defendant asserts that there can be no attempt to commit robbery in the absence of an overt act in part execution of the intent to commit the crime. This principle of law is sound and enjoys wide acceptance by the courts of this country. The problem generally facing the courts is whether there is evidence of an overt act sufficient to submit the case to the jury. Concerning this, the rule is well-established in this state that "[i]f there is any evidence tending to prove the fact of guilt or which reasonably conduces to this conclusion as a fairly logical and legitimate deduction, and not such as merely raises a suspicion or conjecture of guilt, it is for the jury to say whether they are convinced beyond a reasonable

doubt of .the fact of guilt." 2 Strong, N.C. Index 2d, Criminal Law, § 106, p. 654. "In determining whether a person has been guilty of the offense of attempting to commit robbery, the courts are guided by the peculiar facts of each case, in order to decide whether the acts of the defendant have advanced beyond the stage of mere preparation, to the point where it can be said that an attempt to commit. the crime has been made. The question is one of degree, and cannot, be controlled by exact definition." Annot., 55 A.L.R. 714.

In this case the State's evidence tends to show that the defendant. undertook to disguise himself by the use of a woman's wig, lipstick and pocketbook; and by wearing dark glasses and gloves. The evidence tends to show that he also armed himself with a .38 caliber automatic pistol, fully loaded and ready for use. He went into the A.B.C. Store three to four minutes before closing time and delayed his purchase by looking over duplicate price lists and ordering the three bottles of whiskey one at a time, and the clear inference from this delaying conduct is that he was waiting for all customers to leave the store and for the door to be locked. Then, when he was told the amount of the three purchases, he reached into the pocketbook and pulled out the pistol.

The fact that he had no money, coupled with his actions is clearly sufficient evidence from which the jury could find that he *intended* to commit the offense of armed robbery. The only question remaining is whether there was sufficient evidence of an *overt act* to justify submission of the case to the jury.

Defendant argues that because he never pointed the pistol at anyone, never demanded that the employees do anything, and never demanded or tried to take money or property, his conduct at most was merely preparatory and does not constitute an overt act towards the commission of the crime.

Defendant's actions all but completed the crime of armed robbery itself. It was only the alert and overpowering action of the employee, Mr. Simo, in grabbing defendant's wrist and holding it, and consequently the pistol, pinned against the counter, that prevented the actual consummation of the offense of armed robbery. Only a second beyond this point, defendant would have had the employees at his mercy. It would be a travesty upon justice to permit defendant to escape punishment for his carefully planned robbery, which was only frustrated by the surprise action of the employee. If defendant was not attempting to commit the crime charged, it is difficult to see what more he could have done short of actually committing the robbery.

**[5]** The act of reaching into the pocketbook, and pulling out the pistol was sufficient evidence of an *overt act* which went beyond mere acts of preparation, and justified submission of the case to the jury. This assignment of error is overruled.

**[6]** Defendant assigns as error that the trial court failed to instruct the jury upon the right of defendant not to testify, and as to how his failure to testify was to be considered. Defendant made no request for such an instruction. The trial judge in his discretion may give such an instruction, but, absent a proper request, is not required to do so. *State v. Jordan,* 216 N.C. 356, 5 S.E. 2d 156; *State v. Kelly,* 216 N.C. 627, 6 S.E. 2d 533. This assignment of error is overruled.

**[7]** Defendant assigns as error that the trial judge expressed an opinion upon the evidence. In stating defendant's contentions the trial judge stated: "He admits that he's guilty of carrying a concealed weapon, guilty perhaps of an assault. . . ."

Defendant offered no evidence in this case, nor did he judicially admit or stipulate that he was guilty of anything. Such a statement by the trial judge was a fundamental misconstruction of defendant's contentions, although His Honor may have been led into this error by argument of counsel to the jury.

**[8-11]** The crime of robbery *ex vi termini* includes an assault on the person. *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545. "The assumption by the court that any fact controverted by a plea of not guilty has been established is prejudicial error." *State v. Swaringen,* 249 N.C. 38, 105 S.E. 2d 99. "The fact that the expression of opinion was unintentional or inadvertent does not make it less prejudicial." *State v. Swaringen, supra.* "Nor does the manner in which counsel examines the witnesses or argues the case to the jury justify the court in assuming the existence of an essential fact." *State v. Swaringen, supra.* And, where the court expresses an opinion upon the evidence while stating contentions it is not required that it must be brought to the attention of the trial judge before verdict; this question can be considered for the first time on appeal upon exception duly noted. *State v. Beamon,* 2 N.C. App. 583, 163 S.E. 2d 544; *State v. Watson,* 1 N.C. App. 250, 161 S.E. 2d 159.

For the error in the fundamental misconstruction of defendant's contentions and the consequent prejudicial expression of opinion by the trial judge there must be a

New trial.

BRITT and VAUGHN, JJ., concur.