STATE OF NORTH CAROLINA v. RICHARD PRICE

No. 7029SC201

(Filed 6 May 1970)

**1. Constitutional Law § 36—   cruel and unusual punishment**
   Punishment not exceeding the statutory limit cannot be considered cruel and unusual in the constitutional sense.

**2. Burglary and Unlawful Breakings § 8—   felonious breaking — validity of punishment**
   Sentence of eight years' imprisonment imposed upon defendant's plea of guilty to felonious breaking and entering is within the statutory maximum and cannot be considered cruel and unusual in the constitutional sense. G.S. 14-2.

**3. Criminal Law § 161—   appeal as exception to the judgment**
   An appeal is an exception to the judgment, presenting the face of the record proper for review.

ON *certiorari* to review judgment of *McLean, J.*, entered at the August 1969 Session of RUTHERFORD Superior Court.

By indictment proper in form, defendant was charged with the felony of breaking and entering a store building with intent to steal merchandise therefrom. He was represented at trial, as here, by

court-appointed counsel. When the case was called for trial he expressed a desire to plead guilty, whereupon the trial judge questioned him at length to determine if the plea was freely, voluntarily and understandingly made. After being questioned by the court, the defendant, who had completed the eleventh grade in school, signed and swore to written interrogatories relating to the voluntariness of his plea. The trial judge accepted the guilty plea, finding and determining that it was freely, understandingly and intelligently made, without undue influence, compulsion or duress, and without promise of leniency.

After hearing evidence presented by the State, the trial judge imposed an eight-year prison sentence from which defendant gave notice of appeal to this Court.

*Attorney General Robert Morgan, Assistant Attorney General Sidney S. Eagles, Jr., and Staff Attorney Russell G. Walker, Jr., for the State.*

*Hollis M. Owens, Jr., for defendant appellant.*

BRITT, J.

Defendant's only assignment of error is that the prison sentence imposed constituted cruel and unusual punishment in violation of Article I, section 14 of the Constitution of North Carolina and the Eighth Amendment to the Constitution of the United States.

[1]　In *State v. Powell*, 6 N.C. App. 8, 169 S.E. 2d 210 (1969), in an opinion by Brock, J., it is said: "* * * Since the year 1838 the Supreme Court of North Carolina has held in an unbroken line of decisions that punishment not exceeding the statutory limit cannot be considered cruel and unusual in the constitutional sense. [Cases from *State v. Manuel*, 20 N.C. 144, through *State v. Weston*, 273 N.C. 275, 159 S.E. 2d 883, listed.] Also, since this Court entered into its first session it has invariably adhered to the same principle. [Cases from *State v. Burgess*, 1 N.C. App. 142, 160 S.E. 2d 105, through *State v. Perryman*, 4 N.C. App. 684, 167 S.E. 2d 517, listed.]"

[2]　We reaffirm the above-stated principle here. Defendant pleaded guilty to an offense punishable under G.S. 14-2 which allows a maximum prison sentence of ten years. The sentence imposed was well within the maximum allowed by statute.

[3]　It is also well established in this jurisdiction that an appeal is an exception to the judgment, presenting the face of the record proper for review. *State v. Gwyn*, 7 N.C. App. 397 (1970). We have

carefully reviewed the record proper in this case and find it to be free from error.

The judgment of the superior court is

Affirmed.

BROCK and GRAHAM, JJ., concur.