STATE OF NORTH CAROLINA v. JOHNNY MOORE

No. 7015SC525

(Filed 18 November 1970)

1. **Criminal Law § 76— voluntariness of statements — sufficiency of finding that defendant understood his rights**

     On a preliminary hearing to determine the voluntariness of defendant's statements to investigating officers, the trial court properly found, upon plenary evidence, that the defendant, a graduate student, was warned of his constitutional rights before interrogation and that the defendant understood those rights; the fact that defendant himself did not affirmatively testify that he understood those rights does not prohibit such a finding.

2. **Forgery § 2— uttering forged checks — sufficiency of evidence**

     In a prosecution charging defendant with the felony of uttering two forged checks in the amounts of $125 and $135, the State's evidence was sufficient to be submitted to the jury on the question of defendant's guilt or innocence of the charges.

3. **Forgery § 2— uttering forged checks — validity of punishment**

     In a prosecution charging defendant with the felony of uttering two forged checks in the amounts of $125 and $135, the imposition of consecutive prison sentences of six years and four years does not constitute cruel and unusual punishment.

4. **Constitutional Law § 36— cruel and unusual punishment**

     Punishment not exceeding the statutory limit cannot be considered cruel and unusual in the constitutional sense.

APPEAL by defendant from *Beal, Judge of the Superior Court,* 18 May 1970 Session, ORANGE Superior Court.

Defendant was tried on two bills of indictment each charging him with the felony of uttering a forged check knowing it to have been forged.

One bill of indictment charged defendant with uttering a forged check in the amount of $125.00 by depositing the check in his wife's checking account at First Union National Bank in Chapel Hill, North Carolina, on 6 March 1970. The check was dated 6 March 1970, drawn on The Farmers Bank of Tifton, Georgia, made payable to "cash" and signed "Diffie W. Standard."

The second bill of indictment charged defendant with uttering a forged check in the amount of $135.00 by depositing the check in his wife's checking account at First Union National Bank in Chapel Hill, North Carolina, on 23 March 1970. The check was dated 23 March 1970, drawn on The Farmers Bank of Tifton, Georgia, made payable to "cash" and signed "Diffie W. Standard."

The evidence for the State tended to show the following: Diffie W. Standard is a professor at the University of North Carolina at Chapel Hill, and shares an apartment with another professor. Diffie W. Standard first met defendant when they were both graduate students on campus in Chapel Hill. Diffie W. Standard often has visitors in his apartment, and defendant has visited there four or five times. Two blank "personalized" checks were taken from Diffie Standard's checkbook, which was sometimes kept on a desk in the apartment; these are the two checks that were later filled in by someone and deposited by defendant in his wife's account. The check drawn payable to cash in the amount of $125.00 was deposited by defendant on 6 March 1970; the one drawn payable to cash in the amount of $135.00 was deposited by defendant on 23 March 1970. As each check was forwarded to the drawee bank in Tifton, Georgia, it returned them with the notation "not like sig. on file." The checks were never charged back against the account of defendant's wife because the account did not have sufficient funds.

State's evidence further tended to show: Diffie W. Standard did not make out and sign the two checks in question, and did not authorize anyone else to do so.

From verdicts of guilty and sentences imposed thereon, defendant appealed.

*Attorney General Morgan by Staff Attorney League for the State.*

*Karen L. Henderson for the defendant.*

State v. Moore

BROCK, Judge.

Defendant assigns as error that the trial court found as facts that defendant was warned of his constitutional rights before interrogation, and that defendant understood those rights.

[1] The trial court conducted a full preliminary hearing upon the question of the voluntariness of any statements defendant may have made to the investigating officer. Defendant offered no evidence upon the question of voluntariness, and there was no conflict in the State's evidence. There was plenary evidence to support the trial court's finding that defendant was given the "miranda warning" before he was interrogated. The fact that defendant did not affirmatively state that he understood those rights does not prohibit a finding that he did in fact understand them. It is a strain on credulity to consider that a person of defendant's educational background and advantages could not understand his basic constitutional rights after they were explained to him.

[2] Defendant assigns as error that the trial court denied defendant's motions for nonsuit on each of the charges. Defendant offered no evidence on the question of his guilt or innocence and, therefore, we have only the State's evidence to consider upon defendant's motions. In our opinion the State's evidence, when considered in the light most favorable to the State, was sufficient to require submission to the jury of the question of defendant's guilt or innocence on each of the charges.

It would serve no useful purpose to discuss the several assignments of error to the instructions given by the trial court to the jury. The cases were submitted to the jury upon applicable principles of law, and no prejudicial error has been shown.

[3, 4] Defendant assigns as error that the sentences of six years and four years to run consecutively constitute cruel and unusual punishment which is forbidden by the State and United States Constitutions. The punishment imposed is well within the statutory limits; and it has been held time and again that punishment not exceeding the statutory limit cannot be considered cruel and unusual in the constitutional sense. *State v. Powell,* 6 N.C. App. 8, 169 S.E. 2d 210.

No error.

Judges MORRIS and GRAHAM concur.