STATE OF NORTH CAROLINA v. ANDRE LEVI PARKER

No. 835SC386

(Filed 7 February 1984)

**Robbery § 4.7— attempted armed robbery—insufficient evidence**
    In a prosecution for attempted armed robbery, the trial court erred in failing to allow defendant's motion to dismiss where the evidence failed to show that defendant actually attempted to take property from a market. Evidence tended to show that defendant put a pistol in his toboggan and then into his jacket; that he took his bicycle up the street and parked it; that he observed the market from the bushes across the street; and that he ultimately was seen just outside the entrance to the store. For this evidence to amount to an attempt, it must show more than mere preparation. G.S. 14-87.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 14 December 1982 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 29 November 1983.

Defendant was tried on an indictment charging him with attempted armed robbery. On 25 August 1982, defendant was seen lying beside a hedge near Pearsall's Lawn and Garden Center, which is located across the street from the S & R Market in downtown Wilmington. Defendant was wearing a white toboggan, a black shirt and cut-off khaki pants, and he had a gun in his possession. Defendant left the hedge, crossed the street, and got on a bicycle, which he rode a short distance before returning to the vicinity of the S & R Market. He got off the bicycle and then walked back to the hedge, where he resumed his position.

A short time later, defendant was seen sitting on a rail beside the S & R Market, in which Lana Clayman was working as a store clerk. At that time, a police officer, responding to a call from a Pearsall's employee who had become suspicious after observing defendant, arrived at the scene. Defendant quickly walked away, crossing the street and heading towards his bicycle, when he was arrested. After being released that same day without being charged, a warrant was issued for defendant the following day, and he was subsequently arrested at his home.

Defendant was charged with attempted armed robbery. The first trial ended with the Honorable Napoleon B. Barefoot declaring a mistrial. Judge Barefoot again presided over the second trial, during which defendant was found guilty and sentenced to the presumptive term of 14 years in prison.

*Attorney General Rufus L. Edmisten, by Associate Attorney David E. Broome, Jr., for the State.*

*J. H. Corpening, II for defendant-appellant.*

ARNOLD, Judge.

Defendant's foremost contention is that the trial court erred in denying his motion to dismiss. He argues that there was no evidence introduced at trial showing that he ever entered the S & R Market, that he ever threatened any person, that he ever

pointed a gun at any person, or that he ever took or demanded money from any person.

Upon a defendant's motion to dismiss, the court must determine whether there is substantial evidence to establish (1) each element of the offense charged and (2) that the defendant is the person who committed the offense. *State v. Powell,* 299 N.C. 95, 261 S.E. 2d 114 (1980). Furthermore, this evidence must be considered in the light most favorable to the State, allowing every reasonable inference to be drawn therefrom. *State v. Smith,* 300 N.C. 71, 265 S.E. 2d 164 (1980).

Defendant does not deny having committed the acts set forth in the State's case, but instead contends that there lacks "substantial evidence" to establish each element of the offense of attempted armed robbery. "Substantial evidence" has been defined as meaning "more than a scintilla." *State v. Smith,* 40 N.C. App. 72, 77, 252 S.E. 2d 535, 539 (1979).

The elements of attempted armed robbery, as embodied in G.S. 14-87, are as follows: 1) possession of a firearm or other dangerous weapon; 2) use or threatened use of the firearm or other dangerous weapon whereby the life of a person is endangered or threatened; and 3) unlawfully taking or attempting to take personal property from another person or from any place of business.

We find insufficient evidence to establish the third element and therefore hold that defendant's motion to dismiss should have been allowed. The element in question requires a showing that defendant actually attempted to take the property of the S & R Market. Evidence was introduced at trial showing that defendant put a pistol in his toboggan and then into his jacket; that he took his bicycle up the street and parked it; that he observed the S & R Market from the bushes across the street; and that he ultimately was seen just outside the entrance to the store. For this evidence to amount to an attempt, it must show more than mere preparation. It must, in fact, constitute an overt act towards the commission of the crime. *State v. Powell,* 6 N.C. App. 8, 169 S.E. 2d 210 (1969). This act, however, "need not be the last proximate act to the consummation of the offense attempted to be perpetrated, it must approach sufficiently near to it to stand either as the first or some subsequent step in the direct movement

towards the commission of the offense after the preparations are made." *State v. Addor,* 183 N.C. 687, 689, 110 S.E. 650, 651 (1922).

We find that defendant's acts amounted to no more than mere preparation. Although lurking outside a place of business with a loaded pistol may be unlawful conduct, it does not constitute the sort of overt act which would clearly show that defendant attempted to rob that business. Moreover, without elaborating, we also find insufficient evidence to support the second element, use or threatened use, of any weapon endangering or threatening the life of anyone.

Substantial evidence is lacking to establish two elements of the offense of attempted armed robbery. Defendant's motion to dismiss was improperly denied.

Reversed.

Judges JOHNSON and PHILLIPS concur.