### JOHN L. COX ET UX v. J. W. JOHNSON ET UX.

(Filed 11 December, 1946.)

**Fraud § 5—**

> The law will not permit one to predicate an action for fraud upon a representation which he knows to be false, for he cannot be deceived by that which he knows.

APPEAL by plaintiffs from *Nettles, J.,* at May Term, 1946, of GUILFORD—(High Point Division).

Civil action for fraud in the sale of land.

There is allegation and evidence tending to show that plaintiffs purchased a 73-acre farm near High Point from the defendants, known as Crisco Farm, taking deed therefor on 26 October, 1945, with assurances from the male defendant that it had a tobacco allotment of 9.4 acres; whereas in fact the allotment had been reduced to 7.9 acres to the knowledge of the defendant. The defendant claimed that he did not know of the reduction, but plaintiffs' evidence is to the contrary.

The plaintiff offered as a witness the defendants' tenant in 1945, Eli Nelson, who testified as follows: "The plaintiff in this case came to me along in September and discussed with me the tobacco allotment on the place. I say it was the middle of September on up until he bought it. He was down there different times. I reckon we discussed it five or six times. I told him more than once that the acreage had been reduced. He said that was all right, that he would fix that. . . . As well as I remember, that was about October 6th. I told him then and there it had been reduced an acre and a half. . . . I said there is an acre and a half that has been moved but Mr. Johnson denies it, and he said he did not know anything about it. . . . That was before Mr. Cox bought the place."

From judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning errors.

*James B. Lovelace for plaintiffs, appellants.*
*York & Dickson for defendants, appellees.*

STACY, C. J.   If it be conceded that the representation in respect of the tobacco allotment was false and was made with knowledge of its falsity, or with reckless disregard of its truth or falsity, and with intent to deceive, nevertheless it appears from plaintiff's own evidence that he knew of the reduction in the tobacco allotment before purchasing the land.   The law will not permit one to predicate an action for fraud upon a representation which he knows to be false, for he cannot be deceived by that which he knows.  *Harding v. Ins. Co.,* 218 N. C., 129, 10 S. E. (2d), 599; *Tarault v. Seip,* 158 N. C., 363, 74 S. E., 3; *Williamson v. Holt,* 147 N. C., 515, 61 S. E., 384, 17 L. R. A. (N. S.), 240; *Hart v. Newland,* 10 N. C., 122; 23 Am. Jur., 942.

No error has been made to appear in the judgment of nonsuit.   It will therefore be upheld.

Affirmed.