THE TEXAS CO. v. J. W. STONE, JR., ET AL.

(Filed 11 October, 1950.)

**1. Landlord and Tenant § 15—**

> Where a sublease provides for a term of one year but also that it should terminate *eo instanti* the termination of the main lease, the sublessee, upon termination of the main lease according to its terms, cannot maintain that there was a breach of the sublease for its termination prior to the expiration of the year.

**2. Principal and Agent § 7f—**

> One dealing with an agent or representative with known limited authority can acquire no rights against the principal when the agent or representative acts beyond his authority or exceeds the apparent scope thereof.

**3. Fraud § 5—**

    Where sublessees are advised that their term automatically terminates upon termination of the main lease and are kept fully advised as to the negotiations for the renewal of the main lease, they may not maintain a counterclaim against their lessor for fraud based upon representations of their lessor's agents with known limited authority, since knowledge forestalls deception.

Appeal by defendants from *Morris, J.,* June Term, 1950, of Wayne.

Civil action to recover for petroleum products sold and delivered by plaintiff and received by the defendants.

On 19 May, 1947, the plaintiff, as lessee of the premises on East Ash Street, Goldsboro, N. C., where "Stone's Owl Service Center" is located, sublet the same to the defendants for a period of one year beginning 19 May, 1947, and ending 18 May, 1948, subject, however, to the terms and conditions of the lease under which the plaintiff acquired the right of possession.

The plaintiff's lease from the owner of the land, duly registered in Wayne County registry, was due to expire 1 June, 1947, and thereafter the tenancy thereunder was to be from month to month, subject to termination on seven days' notice. It was actually terminated on 1 August, 1947.

The petroleum products in question were delivered to defendants from 16 June, 1947, through 14 July, 1947, and amounted in value to $1,581.12.

The plaintiff's claim is admitted by the defendants, but they aver and set up by way of counterclaim that at the time of the execution of their lease, plaintiff's agents, A. T. Hawkins and J. Y. Ellington, assured them that the lease under which the plaintiff held from the owners had been extended; that said assurances were false to the knowledge of plaintiff's agents, and that the defendants relied upon them to their hurt. Wherefore, they demanded damages in the amount of $5,000.00.

At the close of defendants' evidence, the court inquired of counsel for the defendants whether they were relying on breach of contract or on tort in their counterclaim. Counsel replied that they "relied upon the pleadings as supported by the evidence." In their brief here they rely on breach of contract.

The court being of opinion that the evidence was insufficient to support the counterclaim dismissed the same and entered judgment for the plaintiff.

Defendants appeal, assigning errors.

*Langston, Allen & Taylor for plaintiff, appellee.*
*J. Faison Thomson for defendants, appellants.*

Stacy, C. J.   The defendants have made out no case against the plaintiff for breach of their lease, since this lease provides for its own termination *eo instanti* upon the termination of plaintiff's lease with the owner of the premises.

There is no evidence that plaintiff's alleged agents and representatives, Hawkins and Ellington, had any authority to make any assurances or representations which would be binding on the plaintiff, or that what assurances or representations they did make, if any, were made falsely with intent to mislead or to deceive the defendants.   The defendants knew they were dealing with agents and representatives of limited authority.

One dealing with an agent or representative with known limited authority can acquire no rights against the principal when the agent or representative acts beyond his authority or exceeds the apparent scope thereof. *Norfolk Southern Ry. Co. v. Smitherman,* 178 N.C. 595, 101 S.E. 208; *Savings Bank v. Drug Co.,* 152 N.C. 142, 67 S.E. 253; 2 Am. Jur. 75 and 85.

Moreover, the plaintiff's alleged agents and representatives did have a renewal lease signed by the owner which was sent to the Norfolk office of the Texas Company for approval.   It was approved tentatively by the Norfolk office, with two or three changes, and returned for the owner's acceptance of the changes.   The owner declined to accept the changes, declared the old lease at an end, and proceeded to rent the premises to other parties.   This automatically terminated the lease between plaintiff and defendants.   The defendants were at all times advised of their rights and also of the negotiations between plaintiff and the owner in respect of a renewal of plaintiff's lease on the premises.   They could not have been deceived by that which they knew.   Knowledge forestalls deception. *Harrison v. Ry.,* 229 N.C. 92, 47 S.E. 2d 698; *Cox v. Johnson,* 227 N.C. 69, 40 S.E. 2d 418.

No harm has come to the defendants from the dismissal of their counterclaim.   At least, none is manifest on the record.   The ruling and judgment will be upheld.

Affirmed.