STATE v. JIMMY HICKS.

(Filed 29 March, 1967.)

**1. Criminal Law § 5—**

Every man is presumed sane, and the burden is upon defendant to prove his defense of mental irresponsibility, which burden of proof is not satisfied by a contention that if defendant were normal he would not have attempted the escape for which he was prosecuted.

**2. Criminal Law § 25—**

The fact that the court pronounces judgment after defendant's plea of *nolo contendere* constitutes an acceptance of the plea, and no formal record of the acceptance is required.

APPEAL by defendant from *Martin, S.J.,* at January 1967 Term of WATAUGA Superior Court.

While serving sentences for two felonies the defendant was charged with escape. He waived the appointment of counsel and signed the required waiver. He then entered a plea of *nolo contendere* and was sentenced to serve an additional 12 months. He appealed, and counsel was appointed to represent him. His only exception is to the judgment.

STATE *v.* HICKS.

*Attorney General T. Wade Bruton, Staff Attorney Theodore C. Brown, Jr., for the State.*
  *John H. Bingham for defendant appellant.*

PER CURIAM. At his trial the defendant interposed no defense, but now claims his mental disability is shown by his escape — that if he were normal mentally he would have known better. The plea is novel and interesting, and has many implications and possibilities.

Unfortunately for the defendant, however, that is not the law. "Every man is presumed to be sane and to possess a sufficient degree of reason to be responsible for his crimes until the contrary is proven." *S. v. Cureton,* 218 N.C. 491, 11 S.E. 2d 469. And the burden is on the defendant to prove his irresponsibility. *S. v. Creech,* 229 N.C. 662, 51 S.E. 2d 348.

The defendant also contends that the sentence is invalid because the record does not show that his plea of *nolo contendere* was accepted by the court. He quotes from *S. v. Thomas,* 236 N.C. 196, 72 S.E. 2d 525, "The plea of *nolo contendere* cannot be entered by a defendant as a matter of right, but is pleadable only by leave of the court and its acceptance by the court is entirely a matter of grace." The same case quotes other authorities and says: "A plea of *nolo contendere* is equivalent to a plea of guilty insofar as it gives the court power to punish." In *S. v. McIntyre,* 238 N.C. 305, 77 S.E. 2d 698, which cites and approves the *Thomas* case, the trial court did not accept the defendant's plea, but proceeded to hear evidence and to pass upon the question of his guilt or innocence. The court said that "the defendant's plea of *nolo contendere* constitutes a formal declaration on his part that he did not contend with the State in respect to the charge and was tantamount to a plea of guilty * * * The presiding Judge acquired full power to pronounce judgment against the defendant for the crime charged in the indictment * * * when he allowed the Solicitor to accept the plea tendered by the defendant."

The very fact that the Judge pronounced a judgment after the plea of *nolo contendere* is entered constitutes acceptance of the plea, and no formal record thereof is required.

No error.