STATE OF NORTH CAROLINA v. WILLIAM SHERMAN GWYN

No. 7019SC88

(Filed 25 February 1970)

1. Criminal Law § 161— appeal as exception to the judgment

An appeal is an exception to the judgment, presenting the face of the record proper for review.

2. Criminal Law § 157— appeal — necessary parts of record proper — armed robbery

The record proper in this armed robbery prosecution consists of the bill of indictment charging the defendant with armed robbery, the defendant's plea of not guilty, the verdict of the jury, and the judgment imposed.

3. Robbery § 6— sentence — armed robbery conviction

A sentence of imprisonment of not less than fourteen years nor more than eighteen years is not excessive under G.S. 14-87.

APPEAL by defendant from *Lupton, J.,* September 1969 Session of Superior Court held in RANDOLPH County.

Defendant was tried upon a bill of indictment charging him with the felony of armed robbery. The defendant entered a plea of not guilty. The jury returned a verdict of "guilty as charged in the bill of indictment."

From a judgment of imprisonment for not less than fourteen years nor more than eighteen years, the defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan and Staff Attorney Richard N. League for the State.*

*Coltrane & Gavin by W. E. Gavin for the defendant appellant.*

MALLARD, C.J.

The evidence for the State tended to show that in Randolph County on 13 May 1969 between six and seven o'clock p.m. the defendant, using a "sawed-off shotgun," robbed the victim of between twelve and fourteen hundred dollars. The evidence for the defendant tended to show that he was not in Randolph County at any time on the date of 13 May 1969 and did not rob the victim of any money.

[1-3] Defendant makes no assignments of error based on exceptions properly taken. However, an appeal is an exception to the judgment, presenting the face of the record proper for review. *State*

*v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330 (1967). The record proper in this criminal case consists of the bill of indictment charging the defendant with armed robbery, the defendant's plea of not guilty, the verdict of the jury, and the judgment imposed. *State v. Stubbs,* 265 N.C. 420, 144 S.E. 2d 262 (1965); *State v. Moore,* 6 N.C. App. 596, 170 S.E. 2d 568 (1969). The bill of indictment appears to be proper in form. Upon the defendant's plea of not guilty, the trial was properly by jury. There was no error in the jury's verdict. The sentence to imprisonment for not less than fourteen years nor more than eighteen years is not excessive under the statute, G.S. 14-87, which provides that the punishment for the felony of armed robbery shall be imprisonment for not less than five nor more than thirty years.

In the trial we find

No error.

MORRIS and VAUGHN, JJ., concur.