STATE OF NORTH CAROLINA v. HARRY MARTIN, JR.

No. 7010SC611

(Filed 16 December 1970)

Criminal Law § 161— assignment of error to the entry of judgment — review on appeal

An assignment of error to the entry of judgment presents the case for review for error appearing on the face of the record.

APPEAL by defendant from *Bailey, Judge of the Superior Court,* 2 June 1970 Session, WAKE Superior Court.

Defendant was charged in a bill of indictment (in case number 70 CR 14985) with a felonious breaking or entering of the Ligon High School building, and with felonious larceny of property therefrom. He was charged in another bill of indictment (in case number 70 CR 14987) with a felonious breaking or entering of the Mary E. Phillips School building, and with felonious larceny of property therefrom.

The two cases were consolidated for trial. Upon defendant's pleas of guilty as charged, the two counts in 70 CR 14985 were consolidated for judgment, and judgment of imprisonment for ten years was entered; the two counts in 70 CR 14987 were consolidated for judgment, and judgment of imprisonment for ten years was entered; it was ordered that the two sentences run concurrently.

Defendant appealed.

*Attorney General Morgan, by Trial Attorney Jacobs, for the State.*

*Peyton B. Abbott for defendant.*

BROCK, Judge.

Defendant excepts to and assigns as error the entry of judgment in each case; these assignments of error present the cases for review for error appearing on the face of the records. 3 Strong, N. C. Index 2d, Criminal Law § 161, p. 112.

The bill of indictment in each case is proper in form and clearly identifies the premises broken into. Defendant was represented by experienced counsel appointed by the Court. The

trial judge painstakingly examined defendant concerning his understanding and the voluntariness of his pleas of guilty; and upon competent evidence determined that the pleas were understandingly and voluntarily entered. The sentences imposed are well within the limits of what legally might have been imposed.

On appeal defense counsel candidly states that he can find no error; with this appraisal we agree.

No error.

Judges MORRIS and VAUGHN concur.