STATE OF NORTH CAROLINA v. JAMES CORBET STRICKLAND

No. 7118SC151

(Filed 24 February 1971)

1. Burglary and Unlawful Breakings § 8; Constitutional Law § 36— validity of sentence — cruel and unusual punishment

Sentence of six to ten years imprisonment which was imposed upon defendant's conviction of felonious breaking and entering was within the statutory limits and did not constitute cruel and unusual punishment. G.S. 14-2; G.S. 14-54.

2. Criminal Law § 161— exception to the judgment — appellate review

An exception to the judgment presents the face of the record for review.

APPEAL by defendant from *Collier, Superior Court Judge,* 7 September 1970 Criminal Session of Superior Court of GUILFORD County.

Defendant was charged with breaking and entering and larceny and receiving. The jury returned a verdict of guilty of felonious breaking and entering. From judgment entered on the verdict, defendant appealed. He was represented at trial by court-appointed counsel, appeals in *forma pauperis,* and is represented on appeal by court-appointed counsel.

*Attorney General Morgan by Staff Attorney Price for the State.*

*Z. H. Howerton, Jr. attorney for defendant appellant.*

MORRIS, Judge.

[1] Defendant's only assignment of error is to the signing and entry of the judgment. Counsel candidly states in his brief that in his opinion the trial was free from prejudicial error but that defendant contends the court abused its discretion in imposing a sentence which was cruel and unjust punishment. This contention is, of course, without merit. Sentence imposed was imprisonment for not less than six nor more than ten years. The offense with which defendant was charged is a violation of G.S. 14-54 which denominates the offense of a felony punishable under G.S. 14-2. G.S. 14-2 provides for punishment "by fine, by imprisonment for a term not exceeding ten years, or by both, in the

discretion of the court." It has been repeatedly held that punishment within the limits authorized by statute is not cruel and unusual punishment within the constitutional prohibition. *State v. Powell,* 6 N. C. App. 8, 169 S.E. 2d 210 (1969), and cases there cited.

**[2]** An exception to the judgment presents the face of the record proper for review. *State v. Price,* 8 N. C. App. 94, 173 S.E. 2d 644 (1970). We have reviewed the record proper for error and find none.

Affirmed.

Judges BROCK and VAUGHN concur.