State v. Thurgood

STATE OF NORTH CAROLINA v. FLOYD WILSON THURGOOD

No. 7112SC332

(Filed 26 May 1971)

1. Criminal Law § 84; Searches and Seizures § 2— consent to search

The evidence on *voir dire*, although conflicting, supports the ruling by the trial court that defendant consented to a search in which heroin was found in his shirt pocket.

2. Criminal Law § 161— appeal as exception to judgment

An appeal is an exception to the judgment and presents the face of the record proper for review.

3. Criminal Law § 157— record proper

The record proper consists of the bill of indictment or warrant, the plea, the verdict and the judgment entered.

4. Criminal Law § 25— plea of nolo contendere

The plea of *nolo contendere* may not be interposed as a matter of right, but may be accepted by the court only as a matter of grace.

5. Criminal Law § 25— acceptance of plea of nolo contendere

No formal acceptance of a plea of *nolo contendere* by the court is required, and the entry of judgment based thereon constitutes an acceptance of the plea.

6. Criminal Law § 25— plea of nolo contendere — judgment

While a plea of *nolo contendere* empowers the judge to impose punishment as upon a plea of guilty, it does not authorize the judge to enter a verdict of guilty and will not support a recital in the judgment that the defendant has been "found guilty."

APPEAL by defendant from *Bailey, Judge,* 11 January 1971 Session of Superior Court held in CUMBERLAND County.

The defendant Floyd Wilson Thurgood was charged in a bill of indictment, proper in form, with the possession of a narcotic drug; to wit, heroin, in violation of G.S. 90-88.

The record reveals that the defendant, an indigent, represented by the Public Defender, pleaded not guilty to the bill of indictment, and after a jury had been impaneled, he moved to suppress any evidence seized as a result of the search of his person. On *voir dire* the court heard evidence which tended to show that police officers of the Fayetteville Police Department and officers of the State Bureau of Investigation went to premises occupied by the defendant and others for the purpose of searching for heroin. Police Officer W. A. Newsom told the defendant that he "wanted to search him and Thurgood replied 'OK, go ahead.' " Officer Newsom found a package containing heroin in the defendant's shirt pocket. The defendant denied that he gave the officer permission to search his person. After the hearing, the court found and adjudicated that the defendant consented to the search of his person, and held that the evidence seized was admissible.

After the court denied the defendant's motion to suppress the evidence, he withdrew his plea of not guilty and entered a plea of *nolo contendere.* The court then "entered a verdict of guilty" of possession of heroin.

The judgment entered by the court, in pertinent part, recites:

"In open court, the defendant appeared for trial upon the charge or charges of possession of heroin and was represented by his attorney William Geimer and thereupon entered a plea of 'NOLO CONTENDERE' to possession of heroin.

"Having been found guilty of the offense of possession of heroin which is a violation of the law and of the grade of felony

"It is ADJUDGED that the defendant be imprisoned for the term of not less than thirty (30) months nor more than sixty (60) months in the North Carolina Department of Correction."

The defendant appealed to this Court.

*Attorney General Robert Morgan and Trial Attorney Lester V. Chalmers for the State.*

*Public Defender William S. Geimer for defendant appellant.*

HEDRICK, Judge.

[1]  The defendant contends that the court committed prejudicial error in denying his motion to suppress the evidence gained as a result of the search of his person. We do not agree. The evidence, although conflicting, supports the ruling of the court.

[2, 3]  An appeal is an exception to the judgment, and presents the face of the record proper for review. *State v. Gwyn,* 7 N.C. App. 397, 172 S.E. 2d 105 (1970). The record proper consists of the bill of indictment or warrant, the defendant's plea, the verdict, and the judgment entered. *State v. Gwyn, supra.*

The bill of indictment in the instant case properly charged the defendant with the violation of G.S. 90-88.

[4-6]  The record discloses that after the defendant had changed his plea of not guilty to *nolo contendere* the court entered a verdict of "guilty." The plea of *nolo contendere* may not be interposed as a matter of right, but may be accepted by the court only as a matter of grace. *State v. Norman,* 276 N.C. 75, 170 S.E. 2d 923 (1969). No formal record of the acceptance of the plea by the court is required, and the entry of judgment based thereon constitutes an acceptance of the plea. *State v. Hicks,* 269 N.C. 762, 153 S.E. 2d 488 (1967). A plea of *nolo contendere* empowers the judge to impose punishment as upon a plea of guilty, *State v. Norman, supra,* but it does not authorize or empower the judge to enter a *verdict* of guilty, *State v. Thomas,* 236 N.C. 196, 72 S.E. 2d 525 (1952), nor will such an entry support a recital in the judgment that the defendant had been "found guilty."

In the instant case, the defendant's plea of *nolo contendere* to the bill of indictment will support the prison sentence imposed. We find and hold that the defendant had a fair trial free from prejudicial error; however, for the reasons stated herein, the judgment is vacated, and the case is remanded to the superior court for the entry of proper judgment in accordance with the defendant's plea.

Vacated and remanded.

Judges BROCK and MORRIS concur.