State v. Gregory

STATE OF NORTH CAROLINA v. ALFRED MONROE GREGORY

No. 7226SC232

(Filed 26 April 1972)

1. Criminal Law § 161— appeal as exception to judgment

An appeal is an exception to the judgment and presents the face of the record proper for review.

2. Criminal Law § 23— appeal from guilty pleas — absence of fatal defect on face of record

Judgments imposed upon defendant's pleas of guilty of felonious breaking and entering and felonious larceny are affirmed where no fatal defect appears on the face of the record proper and the sentences imposed are within statutory limits.

State v. Gregory

APPEAL by defendant from *McLean, Judge,* 10 November 1971 Schedule B Criminal Session of Mecklenburg Superior Court.

Defendant was charged in a bill of indictment with the crimes of felonious breaking and entering and felonious larceny. Upon call of the case defendant, through his court-appointed counsel, tendered a plea of guilty to both offenses. Based upon careful examination of the defendant and the transcript of plea, the trial court adjudged that the plea of guilty by defendant was "freely, understandingly and voluntarily made," and ordered that defendant's plea of guilty be entered into the record.

The State offered evidence which tended to show that numerous items including tools, supplies and equipment valued at $1,500 were stolen from the Charlotte Concrete Company; that defendant voluntarily confessed to the investigating police officer after having been fully advised of his constitutional rights; and that every item reported missing was recovered from the defendant. The defendant offered no evidence.

The trial court entered judgments imposing consecutive prison sentences of eight years for each offense. Defendant appealed in forma pauperis.

*Attorney General Morgan, by Deputy Attorney General Vanore, for the State.*

*Whitfield and McNeely, by Richard P. McNeely, for defendant appellant.*

MORRIS, Judge.

Defendant's only assignment of error is that the trial court erred "in entering and signing the judgment and sentencing the defendant."

[1] An appeal is an exception to the judgment, and presents the face of the record proper for review. *State v. Thurgood,* 11 N.C. App. 405, 181 S.E. 2d 128 (1971) ; *State v. Martin,* 10 N.C. App. 181, 178 S.E. 2d 32 (1970).

"Ordinarily, in criminal cases the record proper consists of (1) the organization of the court, (2) the charge (information, warrant or indictment), (3) the arraignment and plea, (4) the verdict, and (5) the judgment." *State v. Tinsley,* 279 N.C. 482, 483, 183 S.E. 2d 669 (1971).

In the case at bar, the indictment sufficiently charged the crimes to which defendant voluntarily pleaded guilty in a properly organized court, and the judgment was in proper form.

The sentences imposed were within the statutory limits and did not constitute cruel and unusual punishment. *State v. Strickland,* 10 N.C. App. 540, 179 S.E. 2d 162 (1971).

[2] No fatal defect appears upon the face of the record, and the sentence imposed was within statutory limits. We find no error. *State v. Shelly,* 280 N.C. 300, 185 S.E. 2d 702 (1972); *State v. Washington,* 11 N.C. App. 441, 181 S.E. 2d 260 (1971).

No error.

Chief Judge MALLARD and Judge PARKER concur.