### STATE v. ALEX DOUGLAS DAWSON.

(Filed 30 November, 1966.)

**1. Criminal Law § 139—**

   Defendant's appeal from sentences entered upon his pleas of guilty, understandingly entered, presents for review only whether error appears on the face of the record proper.

**2. Criminal Law § 131—**

   Where defendant enters pleas of guilty to two separate offenses he may not contend that the consecutive sentences entered by the court were excessive when the sentences are within the limits of the applicable statutes, since the court has authority to provide that such sentences run consecutively.

APPEAL by defendant from *Clark, Special Judge,* March 28, 1966 Criminal Session of CUMBERLAND.

Defendant was indicted in two bills, one (#21,727) charging first degree burglary and the other (#21,728) charging rape. The indictments charged these crimes were committed February 5, 1966, about 3:00 a.m. The named occupant of the dwelling and victim of the alleged rape was a woman 82 years of age.

Defendant was represented by court-appointed counsel.

Defendant tendered, and the State accepted, pleas of guilty of lesser included degrees of the crimes charged, *viz.:* (1) in #21,727, a plea of guilty of breaking and entering a dwelling house with intent to commit a felony; and (2) in #21,728, a plea of guilty of assault with intent to commit rape. Defendant, after careful inquiry by the court, stated he understood fully the nature of the crimes referred to in his pleas, the maximum punishment therefor and that he entered the pleas freely and voluntarily.

Upon said pleas, the court pronounced judgments as follows: (1) In #21,728, judgment imposing a prison sentence of fifteen years; and (2) in #21,727, judgment imposing a prison sentence of ten years, the sentence in #21,727 to begin upon expiration of the sentence in #21,728.

Defendant excepted and appealed; and the court, on account of defendant's indigency, appointed counsel who had represented defendant at trial to represent him in connection with his appeal and ordered that Cumberland County pay the costs incident to obtaining a transcript of the proceedings in the superior court and of providing the record and brief on appeal.

*Attorney General Bruton and Deputy Attorney General Mc-Galliard for the State.*

*Herbert H. Thorp for defendant appellant.*

PER CURIAM. Defendant having entered said pleas of guilty, his appeal presents for review only whether error appears on the face of the record proper. *S. v. Darnell,* 266 N.C. 640, 146 S.E. 2d 800. The record on appeal contains one assignment of error, namely, that "(t)he sentences imposed by the court were excessive." The assignment is without merit. The sentence in #21,728 is authorized by G.S. 14-22; and the sentence in #21,727 is authorized by G.S. 14-54. The court's authority to provide that such sentences shall run consecutively is well established. 1 Strong, N. C. Index, Criminal Law § 133. No error appearing, the judgments of the court below are affirmed.

It is noteworthy that the evidence presented to the presiding judge prior to pronouncement of said judgments was sufficient to support convictions of defendant for the capital felonies charged in the indictments. The impression prevails that defendant was well and ably represented by his court-appointed counsel.

Affirmed.