STATE OF NORTH CAROLINA v. HAROLD MOSTELLER
No. 6825SC255

(Filed 13 November 1968)

**1. Constitutional Law § 36; Criminal Law § 140; Forgery § 2— cruel and unusual punishment**

Upon defendant's pleas of guilty to three charges of uttering a forged check, sentences of six to ten years imposed in each case, the sentences to run consecutively, are within the maximum authorized by G.S. 14-120 and cannot be considered cruel and unusual punishment in the constitutional sense.

**2. Criminal Law § 140— consecutive sentences**

The trial court has authority to provide that two or more sentences imposed for separate offenses shall run consecutively.

**3. Criminal Law § 138— severity of sentence — consideration on appeal**

Where the sentences imposed are within statutory limits and within the authority of the trial court, they will not be disturbed on appeal.

APPEAL by defendant from *Falls, J.,* 1 April 1968 Mixed Session of CATAWBA Superior Court.

At the April 1968 Session of Superior Court of Catawba County the grand jury returned three true bills of indictment each of which charged defendant on two counts, the first charging the making of a forged check, the second charging the uttering of a forged check knowing it to be forged. Various violations of the traffic laws, not pertinent to this appeal, were also pending against the defendant, in which pleas were taken and judgments entered. The defendant, represented by court-appointed counsel, pleaded guilty to uttering a forged check in each of the three indictments. The court entered judgment of imprisonment in the State's Prison of not less than six nor more than ten years in each case, the sentences to run consecutively. The defendant appealed, making as his sole assignment of error that the prison sentences imposed constituted cruel and unusual punishment forbidden by Article I, Section 14, of the Constitution of North Carolina.

*Attorney General T. W. Bruton and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Stanley J. Corne for defendant appellant.*

PARKER, J.

[1, 2]    The sentences imposed were within the maximum authorized by G.S. 14-120. Appellant does not attack the constitutionality of that statute but pleads that the sentences imposed upon him in this case were abnormally long in view of the relatively small amount of money involved in each of the three checks and in view of the fact that it was his father's name which was forged. It is, however, firmly established in our jurisprudence that when the punishment imposed does not exceed the limits fixed by statute, it cannot be considered cruel and unusual punishment in a constitutional sense. *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216. The court's authority to provide that two or more such sentences shall run consecutively is also well established. *State v. Dawson,* 268 N.C. 603, 151 S.E. 2d 203. Even imposition of two life sentences to run ·consecutively does not contravene the constitutional prohibition against cruel and unusual punishment. *State v. Bruce, supra.*

Before imposing sentence, the trial judge had the opportunity to observe the defendant and was in position to know something of his previous history.·The sentences imposed were within statutory limits

and within the authority of the trial court and will not be disturbed on appeal. *State v. Faison,* 272 N.C. 146, 157 S.E. 2d 664.

No error.

BROCK and BRITT, JJ., concur.