STATE OF NORTH CAROLINA v. VANDY B. CLEAVES

No. 6926SC108

(Filed 30 April 1969)

**1. Criminal Law § 146— guilty plea — appellate review**

When a defendant voluntarily pleads guilty to a charge of crime, the only questions presented on appeal are whether any error appears on the

face of the record proper and whether the sentence imposed is in excess of the statutory limits.

**2. Constitutional Law § 36— cruel and unusual punishment**
Punishment which does not exceed the limits fixed by statute cannot be considered cruel and unusual in a constitutional sense.

**3. Criminal Law § 138— consecutive sentences**
The trial court has authority to provide that sentences imposed upon defendant's pleas of guilty to separate offenses run consecutively.

APPEAL by defendant from *Falls, J.,* 30 September 1968 Session of MECKLENBURG Superior Court.

By five separate warrants, proper in form, defendant was charged with issuing worthless checks in violation of G.S. 14-107, the checks being in amounts of $16.80, $25.00, $56.94, $21.84, and $86.32 respectively. In recorder's court defendant pleaded guilty in all cases. From sentences imposed, he appealed to the superior court. In superior court he was represented by court-appointed counsel. He again pleaded guilty in all five cases. Judgments were entered imposing active prison sentences of 30 days in each of the three cases involving checks for amounts not exceeding $50.00, and two years in each of the two cases involving checks exceeding $50.00, all sentences to run consecutively and the first sentence to commence at the expiration of a sentence which had been previously imposed upon defendant in an earlier case on his plea of guilty to the crime of embezzlement. The previous sentence had originally been suspended and defendant placed on probation. Following defendant's guilty pleas and sentencing in recorder's court, probation was revoked after due notice to defendant and upon a finding that he had wilfully violated the terms and conditions of the probation judgment.

From the judgments imposed in the worthless check cases, defendant appealed. The court, on account of defendant's indigency, appointed the counsel who had represented defendant at the trial to represent him in connection with his appeal and ordered Mecklenburg County to pay the cost of obtaining a transcript of the trial proceedings and of providing the record and brief on appeal.

*Attorney General Robert Morgan and Staff Attorney R. S. Weathers for the State.*

*Michael G. Plumides for defendant appellant.*

STATE v. KEE

PARKER, J.

[1]　When a defendant voluntarily pleads guilty to a charge of crime, the only questions presented on appeal are whether any error appears upon the face of the record proper and whether the sentences imposed were in excess of statutory limits. *State v. Caldwell*, 269 N.C. 521, 153 S.E. 2d 34; *State v. Darnell*, 266 N.C. 640, 146 S.E. 2d 800.

[2, 3]　The sole assignment of error in the record is that the punishment imposed was "cruel and unusual under the law and facts of this case." The assignment is without merit. It is firmly established in our jurisprudence that when the punishment imposed does not exceed the limits fixed by statute, it cannot be considered cruel and unusual in a constitutional sense. *State v. Bruce*, 268 N.C. 174, 150 S.E. 2d 216; *State v. Mosteller*, 3 N.C. App. 67, 164 S.E. 2d 27. The sentences imposed upon appellant here did not exceed statutory limits. G.S. 14-3; G.S. 14-107. The court's authority to provide that such sentences shall run consecutively is also well established. *State v. Dawson*, 268 N.C. 603, 151 S.E. 2d 203.

No error appears upon the face of this record; the punishment was within limits permitted by law. We find

No error.

MALLARD, C.J., and BRITT, J., concur.