STATE OF NORTH CAROLINA v. LYNN EARL MARTIN, ALIAS LYNN JOSEPH PRIMMER, AND ROBERT WILLIAM PADGETT, ALIAS MARTY FORD

No. 7326SC222

(Filed 13 June 1973)

1. **Constitutional Law § 36; Criminal Law §§ 138, 140— consecutive sentences — different sentences for like offenses — no cruel and unusual punishment**

Where one defendant pleaded guilty to eight and another defendant to four two-count indictments charging felonious breaking and entering and felonious larceny, active sentences of varying length to run consecutively did not constitute cruel and unusual punishment, though consecutive sentences will make it more difficult for defendants to obtain parole and though the various sentences were given for like offenses.

2. **Criminal Law § 23— guilty plea — evidence of plea bargaining not considered — error**

Where the record raised an issue as to the solicitor's promise to continue prayer for judgment in defendant's case, the trial court erred in failing to determine whether a plea bargain was made and whether the solicitor reneged on his promise.

Judge VAUGHN dissents as to defendant Martin.

---

State v. Martin

---

ON *certiorari* to review judgments of *Hasty, Judge*, entered at the 20 March 1972 Schedule "D" Criminal Session of MECK-LENBURG County Superior Court.

Defendant Martin, alias Primmer, was charged in eight two-count indictments with felonious breaking or entering and felonious larceny. Defendant Padgett, alias Ford, was charged in four two-count indictments also with felonious breaking or entering and felonious larceny. Both defendants pleaded guilty to each charge.

Before their guilty pleas were accepted, both defendants were examined by the trial judge. Defendant Martin stated that he understood that he could be imprisoned as much as 160 years as a result of his plea of guilty and defendant Padgett stated that he understood that his guilty plea could result in imprisonment for as much as 80 years.

Upon acceptance of the pleas and reception of the evidence, the two counts in each indictment were consolidated for judgment. Defendant Martin was given active sentences of four to ten years in 71CR77951, three to ten years in 71CR77952, eight to ten years in 71CR77953, four to ten years in 71CR77954, three to five years in 71CR77955, two to five years in 71CR77956, two to five years in 72CR2241, and two to five years in 72CR2242. Defendant Padgett was given active sentences of three to five years in 71CR77708, one to five years in 71CR77709, three to five years in 71CR77710, and four to ten years in 71CR77711. All sentences as to both defendants were to run consecutively.

From judgments entered both defendants appealed. Their appeals were not perfected in accordance with the rules of this Court and their petition for writ of certiorari was allowed by this Court on 20 December 1972.

*Attorney General Morgan, by Assistant Attorney General Lloyd, for the State.*

*Gene H. Kendall and Francis O. Clarkson, Jr., for defendant appellants.*

MORRIS, Judge.

[1] In their first assignment of error defendants contend that the trial court sentenced them in such a fashion as to constitute "cruel and unusual punishment," prohibited by the Constitu-

tions of North Carolina and the United States. They argue that because the sentences run consecutively, it will be more difficult for defendants to obtain parole. They further contend that because these sentences vary from one to five years to eight to ten years for like offenses, the punishment was not meted out in consideration of the crime committed. We find defendants' argument without merit.

The punishment imposed upon defendants does not exceed the limits fixed by statute, and the court's authority to provide that such sentences shall run consecutively is well established. *State v. Dawson*, 268 N.C. 603, 151 S.E. 2d 203 (1966). Such punishment is not cruel and unusual in a constitutional sense. *State v. Cleaves*, 4 N.C. App. 506, 166 S.E. 2d 861 (1969).

[2]    Also, defendants contend that the trial judge erred in failing to recognize and enforce the solicitor's "plea bargain" to continue prayer for judgment in their cases. Defendants' pleas of guilty were accepted on 21 March 1972 and at proceedings held 24 March 1972 defense counsel addressed the following remarks to the court on the issue of punishment:

> "Mr. Kendall (to the Court)—Well about the Solicitor's office, I do want to say this. Two months ago Tom Moore told me that he would continue Prayer for Judgment in Mr. Primmer's cases. Tuesday morning when this case was called, Tom Moore in his office down the hall on this floor of this building told me, 'All right, go on down there and continue Judgment in these cases.' Now he did that somewhat reluctantly, but that is what he said. He said, 'All right, go on down there and continue Judgment on those cases.'
>
> COURT: Well, he has changed that.
>
> MR. KENDALL: That's right, he has, your Honor. Right now Tom Moore doesn't want to do this. I agree with it, but I'm saying to you Tom Moore, as recently as Tuesday, said 'yes,' and Tom Moore is doing what is proper."

"The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice." *Santobello v. New York*, 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed. 2d 427, 432 (1971). In *Santobello*, the United States Supreme Court held that when a plea of guilty rests in

---

State v. Martin

---

any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

*Santobello* involved a defendant who was indicted by the State of New York on two felony counts relating to illegal gambling. Defendant first pled not guilty as to both charges, but after negotiations with the assistant district attorney in charge of the case, he changed his plea to guilty to a lesser-included offense that would carry a maximum prison sentence of one year. The prosecution agreed to make no recommendation as to the sentence. Defendant represented to the court that his plea was voluntary. The plea was accepted, and a date for sentencing was set.

After a series of delays, defendant finally appeared for sentencing before a different trial judge. At this appearance another prosecutor replaced the former prosecutor who had negotiated the plea, and the new prosecutor recommended the maximum one-year sentence based on defendant's criminal record and alleged links with organized crime.

Defendant Santobello's counsel objected on the grounds that the State had previously promised defendant before his guilty plea was entered that no sentence recommendation would be made, The presiding trial judge overruled defense counsel's objection and stated that he was not at all influenced by what the prosecutor said and that the maximum one-year sentence was justified by evidence from other sources. The Supreme Court of New York, Appellate Division, First Department, affirmed the conviction, 35 App. Div. 2d 1084, 316 N.Y.S. 2d 194 (1970), and the defendant was denied leave to appeal to the New York Court of Appeals. On certiorari to the United States Supreme Court, the judgment was vacated and the case remanded, leaving defendant's ultimate relief in the discretion of the state court to decide whether the circumstances required that there be specific performance of the agreement on the plea, in which case defendant should be resentenced by a different judge or whether the circumstances required granting the relief sought by defendant, i.e., the chance to withdraw his guilty plea.

It was stated in *State v. Jones,* 278 N.C. 259, 264, 179 S.E. 2d 433 (1971), that "[w]here the evidence supports the findings that defendant entered a plea of guilty voluntarily and with full knowledge of his rights, the acceptance of the plea will not

State v. Martin

be disturbed. (Citations omitted.)" The signed transcript of pleas of both defendants were adequately set out in the record in compliance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969), and it was adjudicated as to each defendant that his respective plea was voluntarily made without undue influence, duress or without promise of leniency. Nevertheless, we are of the opinion that the statements by defense counsel and the trial court on 24 March 1972, set out above, raise the question as to whether defendant Martin (alias Primmer) was promised some sort of leniency by the State.

In *Santobello* it was conceded that the promise to abstain from a sentence recommendation was made by the prosecutor, while in the case *sub judice* the only indication of the State's acknowledgment of the existence of such a bargain is the court's statement, "Well, he has changed that." The State argues that from the record there is no way of knowing what the bargain was, i.e., whether the solicitor had promised to continue prayer for judgment indefinitely nor is there any evidence that defense counsel thought the solicitor had authority to continue prayer for judgment which the State contends he does not have.

In light of *Santobello,* we must remand as to defendant Martin (alias Primmer) for a determination as to whether he was promised anything by the solicitor and whether the solicitor reneged on that promise. As to defendant Padgett, there is nothing in the remarks set out above or in the rest of the record from which we can surmise that the alleged "plea bargain" encompassed his cases as well.

We, therefore, remand the case of Martin (alias Primmer) to the Superior Court. The presiding judge at the 9 July 1973 Session of Superior Court to be held in Mecklenburg County shall cause defendant and his counsel to be brought before him at that session, or as soon thereafter as possible, and shall hear evidence from the defendant and the State upon the question of whether a plea bargain was made. If the trial court finds from the evidence presented that there was a plea bargain made, then and in that event, the court shall strike the plea and vacate the judgment of 24 March 1972, and defendant shall be entitled to replead. If, however, the trial court shall find that there was no plea bargain, the court shall proceed to issue commitment in accordance with the judgment of 24 March 1972.

Judgment vacated and remanded as to defendant Martin.

No error as to defendant Padgett.

Judge BRITT concurs.

Judge VAUGHN concurs in the opinion as to defendant Padgett. As to defendant Martin, Judge Vaughn dissents and would affirm the judgment of 24 March 1972.