State v. Martin

STATE OF NORTH CAROLINA v. SAMUEL P. MARTIN

No. 7321SC818

(Filed 9 January 1974)

1. Safecracking— sufficiency of indictment
      Indictment in a safecracking case which stated that the safe was opened "by the use of chopping tools" followed the language of G.S. 14-89.1 and was entirely proper.

2. Criminal Law § 138; Safecracking— sentence under old statute
      Crime of safecracking committed in 1971 prior to amendment of G.S. 14-89.1 is punishable by imprisonment for a term ranging from ten years to life imprisonment.

3. Criminal Law §§ 23, 158— plea bargain — evidence omitted in record — no review
      Where the record showed that defendant agreed to plead guilty to a charge of safecracking in exchange for the solicitor's promise to nol pros twenty-nine other indictments against him and the solicitor carried out his promise, but the record showed no plea bargaining with respect to the length of defendant's sentence, the court could not grant defendant relief for the alleged violation of such a plea bargain.

ON writ of *certiorari* to review trial before *Wood, Judge,* 28 August 1972 Session of Superior Court held in FORSYTH County.

Defendant was indicted for safecracking. He was represented by court-appointed counsel and pleaded guilty. The court found that such plea was entered freely, understandingly and

voluntarily, without undue influence, compulsion or duress, and without promise of leniency.

Defendant received a prison sentence of 30 to 40 years and gave notice of appeal. The appeal was not perfected in apt time, but petition for writ of certiorari was granted by this Court.

*Attorney General Morgan, by Assistant Attorney General Donald A. Davis, for the State.*

*Teeter, Parrish & Yokley, by D. Blake Yokley, for defendant appellant.*

BALEY, Judge.

Defendant makes three contentions: (1) that the bill of indictment is defective because it fails to specify how the safe was forced open, (2) that the punishment imposed was excessive, (3) that the judgment of the court was not in accord with a plea bargain made with the solicitor which provided that defendant receive a sentence of only 10 to 15 years. We find all of these contentions to be without merit.

[1]  The indictment clearly states that the safe was opened "by the use of chopping tools." It follows the language of the safecracking statute, G.S. 14-89.1, and is entirely proper. *See State v. Pinyatello,* 272 N.C. 312, 158 S.E. 2d 596.

[2]  Prior to 19 April 1973, G.S. 14-89.1 provided that a person convicted of safecracking could be sentenced to a prison term ranging from ten years to life imprisonment. On 19 April 1973 the General Assembly ratified chapter 235 of the 1973 Session Laws, reducing the punishment for safecracking and setting it at two to thirty years' imprisonment. Defendant asserts that in view of this new statute, his sentence of 30 to 40 years is excessive. However, section 2 of chapter 235 provides: "This act shall apply to all offenses committed after its ratification and shall become effective upon ratification." Since the crime in this case was committed in 1971, before chapter 235 was ratified, defendant can be punished under the old statute. *State v. Cameron,* 284 N.C. 165, 200 S.E. 2d 186.

[3]  With respect to any plea bargaining agreement, when the State enters into such an agreement with the defendant, it must be honored. *Santobello v. New York,* 404 U.S. 257 (1971) ; *State v. Martin,* 18 N.C. App. 398, 197 S.E. 2d 58. If the State violates

such an agreement, the defendant is entitled to replead. *State v. Martin, supra.* But the courts cannot grant relief for the violation of a plea bargain unless the terms of the bargain are shown in the record. In this case the record shows that the court was informed that defendant agreed to plead guilty in exchange for the solicitor's promise to nol pros twenty-nine other indictments against him, and the solicitor carried out this promise. However, defendant has shown nothing in the record to indicate any agreement concerning the length of his sentence.

No error.

Judges CAMPBELL and HEDRICK concur.