STATE OF NORTH CAROLINA v. JOHN FITZGERALD STINSON

No. 8319SC199

(Filed 20 December 1983)

1. **Criminal Law § 138— prior conviction punishable by more than 60 days—under a suspended sentence—two separate aggravating factors**

    A trial judge properly considered as two distinct aggravating factors that defendant had a prior conviction for an offense punishable by more than 60 days, and in addition, that defendant was under a suspended sentence for the prior felony conviction.

**2. Criminal Law § 88.1— cross-examination clarifying earlier testimony of witness —properly admitted**

The trial court properly admitted testimony over the objection of defendant regarding the lack of any evidence linking anyone other than defendant to the victim's dorm room since it clarified the witness's earlier testimony made on direct examination and was not irrelevant and prejudicial.

**3. Burglary and Unlawful Breakings § 5; Rape and Allied Offenses § 18.2— first degree burglary and attempted second degree rape—sufficiency of evidence**

The evidence was sufficient to support verdicts of first degree burglary and attempted second degree rape where the evidence tended to show that in the early morning hours the victim was awakened when someone entered her dorm room, jumped on her back, and put his hand over her mouth; the intruder said he wasn't going to hurt her and that the only thing he wanted was sex; that the intruder repeated the phrase that the only thing he wanted was sex; that the victim struggled with the intruder, ultimately landing on the floor with him on her back; that during the struggle, she was hit a number of times in her face; that the victim finally agreed to do what the man asked, and the intruder released her; that she ran out of her dorm room; that the intruder also ran out of the room and into a well-lighted suite lobby; and that at that time the victim saw the intruder's face and recognized him as defendant.

Judge Becton dissenting.

APPEAL by defendant from *Albright, Judge*. Judgment entered 6 October 1982 in Superior Court, CABARRUS County. Heard in the Court of Appeals 25 October 1983.

Defendant was tried on indictments charging him with first degree burglary and attempted second degree rape. On 3 April 1982 Yolanda Lineberger, a student at Barber Scotia College, was watching television in her dorm room while laying across her bed, fully clothed. She fell asleep sometime after 8:00 p.m. When she fell asleep the doors and windows of her room were closed.

At approximately 2:10 a.m. Lineberger was awakened when someone entered her room, jumped on her back, and put his hand over her mouth. She testified that the man said he wasn't going to hurt her and that the only thing he wanted was sex. He repeated the phrase that the only thing he wanted was sex. Lineberger struggled with the intruder, ultimately landing on the floor with him on her back. During the struggle, she was hit a number of times in her face.

Lineberger finally agreed to do what the man asked, and he released her. She then ran out of her dorm room. The intruder

also ran out of the room and into the well lighted suite lobby. At that time Lineberger saw his face and recognized him as defendant, a non-student who lived near campus and who was commonly referred to as "John Boy."

At the close of all the evidence, defendant moved to dismiss, and the motion was denied. Defendant then moved for a directed verdict, and that motion was also denied. After the jury found defendant guilty of first degree burglary and attempted second degree rape, defendant moved for judgment notwithstanding the verdict, and that motion was denied.

In sentencing defendant, the court found as a mitigating factor the fact that defendant was a minor and had reliable supervision available. As aggravating factors, the court found that defendant had a prior conviction for felonious breaking and entering, punishable by more than 60 days, and that defendant committed the offense currently under consideration while under a suspended sentence. For the offense of first degree burglary, which carries a presumptive sentence of 15 years and a maximum penalty of 50 years to life imprisonment, defendant was sentenced to 20 years in prison. For the offense of second degree attempted rape, which carries a presumptive sentence of three years and a maximum penalty of 10 years, defendant was sentenced to five years in prison. The court ordered that these sentences run consecutively. From these proceedings, defendant appeals.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Robert M. Critz for defendant-appellant.*

ARNOLD, Judge.

[1] Defendant claims that the two aggravating factors found by the court were, in effect, one factor, thereby requiring a new sentencing hearing. *See State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983). We disagree. Defendant had a prior conviction for an offense punishable by more than 60 days. In addition, at the very time he committed the offense of first degree burglary and attempted second degree rape, he was under a suspended sentence for the prior felony conviction. These are two clearly distinct aggravating factors. We find that the trial judge properly considered them in sentencing defendant.

Moreover, defendant's contention that the 25-year sentence is "clearly harsh, gross and abusive" is without merit. A trial judge has the authority to provide that two or more sentences imposed for separate offenses shall run consecutively. *State v. Mosteller*, 3 N.C. App. 67, 164 S.E. 2d 27 (1968). Furthermore, both sentences were within statutory limits and, therefore, did not constitute cruel and unusual punishment. *See State v. Handsome*, 300 N.C. 313, 266 S.E. 2d 670 (1980).

[2] Defendant next contends that the trial court erred in admitting testimony over the objection of defendant regarding the lack of any evidence linking anyone other than defendant to the victim's dorm room. During his cross-examination of Sgt. W. L. Arthur, defendant elicited the statement that "I found no physical evidence in her room, her suite hallway, or elsewhere linking Mr. Stinson to have been there that night." On redirect examination, Sgt. Arthur was asked, over the defendant's objection, "Did you find any evidence linking anyone else to that room?" The witness answered, "No sir, I didn't."

This evidence was not irrelevant and prejudicial, as defendant contends. It was brought out for the purpose of clarifying Sgt. Arthur's earlier testimony on direct examination. 1 Brandis, N.C. Evidence, § 36 (2d Rev. 1982). We find the testimony was properly allowed.

[3] Defendant also claims that the court erred in denying his motions for dismissal and for a directed verdict at the close of all the evidence and in denying his motion for judgment notwithstanding the verdict. The question presented by a defendant's motion to dismiss in a criminal case is whether or not the evidence is sufficient to warrant its submission to the jury and to support a verdict of guilty of the offense charged in the indictment. *State v. Cooper*, 275 N.C. 283, 167 S.E. 2d 266 (1969). Where the evidence is sufficient to overrule a motion to dismiss, it will also be sufficient to overrule a motion for a directed verdict, since both motions have the same legal effect. *State v. Glover*, 270 N.C. 319, 154 S.E. 2d 305 (1967). Upon a motion to dismiss, "all of the evidence favorable to the State, whether competent or incompetent, must be considered, such evidence must be deemed true and considered in the light most favorable to the State, discrepancies and contradictions therein are disregarded and the State is entitled to

every inference of fact which may be reasonably deduced therefrom." *State v. Witherspoon,* 293 N.C. 321, 326, 237 S.E. 2d 822, 826 (1977).

In the case before us, it is clear that the State presented evidence of each and every element necessary to support a conviction of both first degree burglary and attempted second degree rape. Since all the evidence must be taken in the light most favorable to the State, we find that the trial court properly denied defendant's motions for dismissal and for a directed verdict. In addition, we find that the trial judge did not abuse his discretion in denying defendant's motion for judgment notwithstanding the verdict. *See State v. Yancey,* 291 N.C. 656, 231 S.E. 2d 637 (1976).

We have examined defendant's remaining assignment of error and have found in it no merit.

No error.

Judge HEDRICK concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

I concur in the majority's resolution that there was no error in defendant's trial. However, believing that it is improper to increase a defendant's sentence upon findings that (a) "defendant had a prior conviction for an offense punishable by more than 60 days" and (b) that defendant "was under a suspended sentence for the [same] prior felony conviction," ante p. 3, I dissent. The sentence one receives, whether active or suspended, is the same as, or at least subsumed within, one's only prior conviction. *See State v. Isom,* 65 N.C. App. 223 (1983).

Considering the fact that the legislature sought to deal with "pretrial" transgressions of the law by specifically including as a statutory aggravating factor that "[t]he defendant committed the offense while on pretrial release on another felony charge," N.C. Gen. Stat. § 15A-1340.4(a)(1)(k) (Supp. 1981), I find it significant that the legislature made no reference to the commission of an of-

State v. Stinson

fense by a defendant serving a suspended sentence. I am convinced that the legislature sought to deal with post-conviction transgressions of the law in one way—by allowing judges to consider a prior conviction for an offense punishable by more than sixty days' confinement. N.C. Gen. Stat. § 15A-1340.4(a)(1)(o) (Supp. 1981). Mindful of the possibility that a defendant's sentence might be twice enhanced because of one fact, circumstance or transaction, the legislature specifically said that "prior convictions do not include any crime that is joinable, under G.S. Chapter 15A, with the crime or crimes for which the defendant is currently being sentenced." *Id.* Similarly, the last paragraph of the statute listing aggravating factors states the "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation, and the same item of evidence may not be used to prove more than one factor in aggravation." N.C. Gen. Stat. § 15A-1340.4(a)(1) (Supp. 1981).

More fundamentally, the trial court's "double-clutch" action in this case frustrates one of the underlying purposes in enacting the Fair Sentencing Act—to equalize sentences. And the trial judge's action in this case is only one of the ways trial judges are "doubling up" on defendants who have prior convictions. In *State v. Isom*, the trial judge found as separate aggravating factors that defendant had a prior conviction and that the defendant had served a prior prison term. Allowing trial judges, once they find that a defendant has a prior conviction, to further increase a defendant's sentence *in every case*, by finding, depending on the facts, that the defendant received a suspended sentence or active sentence, is not what the Fair Sentencing Act is about. Consequently, I would remand this matter for a new sentencing hearing.