IN THE MATTER OF: RICHARD ALLAN THOMPSON

No. 8412DC908

(Filed 16 April 1985)

**Infants § 20— juvenile delinquent—commitment to consecutive terms of detention**
      The trial court had common law authority to commit a juvenile to consecutive terms of detention.

APPEAL by respondent from *Guy, Judge*. Order entered 31 May 1984 in District Court, CUMBERLAND County. Heard in the Court of Appeals 14 March 1985.

On 14 October 1983, the respondent was committed to a maximum security detention facility of the Department of Human Resources Division of Youth Services for a term of two years. On or about 14 April 1984, while he was in detention at the C. A. Dillon School, the respondent assaulted an employee of the training school and damaged the certain real property belonging to the school. He was adjudicated to be a delinquent juvenile because of these actions. On 31 May 1984, at his disposition hearing the court committed the respondent to the Department of Human Resources for an indefinite period. The court further ordered that this commitment was to run consecutively to the commitment which the respondent was already serving. From the dispositional order, respondent appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Robert E. Cansler, for the State.*

*Assistant Public Defender Michael J. O'Foghludha for respondent appellant.*

ARNOLD, Judge.

The sole question presented for review is whether the court erred in the disposition of the respondent's case by committing him to the residential facilities provided by the division of youth services for a term commencing at the expiration of the commitment which he was serving at the time the offense was committed. Finding no error in the court's order, we affirm.

The respondent argues that he cannot be committed to confinement for consecutive terms because such a commitment is not authorized by G.S. 7A-647, 648, 649, or 652. He also contends that "to permit consecutive commitments would run counter to much of the philosophy of the juvenile code."

In North Carolina the common law is controlling unless it has been repealed or modified by statute. *Hoke v. Greyhound Corp.*, 226 N.C. 332, 38 S.E. 2d 105 (1946). Our court's authority to commit offenders to consecutive terms of confinement is well established under the North Carolina common law. *See State v. Mosteller*, 3 N.C. App. 67, 164 S.E. 2d 27 (1978). The juvenile code does not contain any provision which prohibits the commitment of a juvenile to consecutive terms of detention. Absent an express prohibition we find the common law rule controlling.

Furthermore we reject respondent's contention that consecutive commitments are contrary to the philosophy of the juvenile code. If the reasoning urged by the respondent was accepted it would mean that once a juvenile had been committed to a detention facility or training school he would be free to commit whatever other illegal acts he so chose knowing that he could not receive any additional punishment for his action. We do not believe that this was 'the intention of the legislature when it adopted the juvenile code.

For the above stated reasons we hold that the order appealed from is

Affirmed.

Judges PHILLIPS and COZORT concur.